THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* CHAPIN, APPELLEE AND CROSS-APPELLANT.

[Cite as State v. Chapin (1981), 67 Ohio St. 2d 437.]

(No. 80-648—Decided August 5, 1981.)

*Mr. Robert A. Jones,* prosecuting attorney, and *Mr. Jeffrey S. Schwartz,* for appellant and cross-appellee.

*Mr. J. Tullis Rogers* and *Ms. Jill E. Stone,* for appellee and cross-appellant.

LOCHER, J.

## I.

Appellant, in its proposition of law, asserts that "[w]here the issue of the defendant's [appellee's] competency to stand trial is raised after the trial has begun, the court shall hold a hearing on the issue *only for good cause shown.*" (Emphasis *sic.*) Stated otherwise, the issue presented herein is whether defense counsel's sole and unsupported suggestion of incompetency after the commencement of trial, taken together with any then existing knowledge of appellee's mental condition, met the requisite "good cause shown" standard, which would warrant a competency hearing.

We find merit in appellant's contention that a hearing was not required in the instant cause.

R. C. 2945.37 reads, in pertinent part, as follows:

"(A) In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after trial

has begun, the court shall hold a hearing on the issue *only for good cause shown."* (Emphasis added.)

R. C. 2945.37 sets forth alternate tests for the allowance of a hearing concerning competency to stand trial depending upon when the suggestion of incompetency is raised. Appellant claims that, if the issue of competency to stand trial is raised prior to trial, the court *shall* hold a hearing, whereas, if the issue of competency to stand trial is raised after the commencement of trial, a hearing is allowed *"only for good cause shown."*

The above-quoted section, effective November 1, 1978, substantially altered the law in this area. Former R. C. 2945.37 mandated that a hearing be held with no distinction as to whether the suggestion of incompetency to stand trial is made before or after trial.

Former R. C. 2945.37 read, in pertinent part, as follows: "If the attorney for a person accused of crime whose cause is pending in the court of common pleas, before or after trial suggests to the court that such person is not then sane***or if it otherwise comes to the notice of the court that such person is not then sane, the court shall proceed to examine into the question of the sanity or insanity of said person, or in its discretion may impanel a jury for such purpose.***"

It is elementary and quite clear that the General Assembly has altered the format for obtaining a hearing concerning competency to stand trial. The dichotomy created in the current R. C. 2945.37 simply allows for a hearing after the commencement of a trial "only for good cause shown."

It is uncontroverted that the conviction of an accused person while he is legally incompetent violates due process. See *Bishop* v. *United States* (1956), 350 U. S. 961. The United States Supreme Court, in *Dusky* v. *United States* (1960), 362 U. S. 402, set forth the test to determine whether a defendant is competent to stand trial. The court, at page 402, stated:

"***the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' "

The parties herein are also acutely aware that the evidence of appellee's irrational behavior, his demeanor at trial and any

prior medical opinion on his competency to stand trial are all relevant in determining whether there existed "good cause for a hearing" and even that one of these factors alone may be sufficient. *Pate* v. *Robinson* (1966), 383 U. S. 375, and *Drope* v. *Missouri* (1975), 420 U. S. 162, at 180.

This court is observant of the court's remarks in *Drope, supra,* at page 181, when it stated:

"Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a chance that would render the accused unable to meet the standards of competence to stand trial."

In *State* v. *Jemison* (1968), 14 Ohio St. 2d 47, this court did not allow an additional hearing, pursuant to R. C. 2945.37, upon a subsequent suggestion of competency to stand trial when the court was not informed as to how the defendant had become insane since a prior determination.

In *Jemison, supra,* the court had, pursuant to R. C. 2945.40, an initial determination that defendant was competent to stand trial. There was a substantial delay of several months between the initial examination of competency and the trial itself. Defense counsel did submit a letter from a psychiatrist as evidence that defendant had become insane since the initial competency determination.

Even under the old law, which, as noted herein, mandated a hearing without differentiating between suggestions of competency made before or after trial, this court inspected the psychiatrist's letter and determined that it disclosed no positive suggestion that defendant had become insane subsequent to the initial determination of sanity. This court concluded by not allowing the second hearing. In paragraph one of the syllabus, we stated that:

"Where a defendant in a criminal case has interposed a defense of insanity, has been committed to the Lima State Hospital pursuant to Section 2945.40 of the Revised Code, and there is found capable of understanding the nature of the charges against him and of counseling in his own defense, a subsequent suggestion of insanity under Section 2945.37 of the Revised Code, which does not inform the court that defendant has become insane since the prior determination of sanity was made, does not require the court to make a second exami-

nation into the question of the sanity of such defendant. (*Evans* v. *State,* 123 Ohio St. 132, and *State* v. *Smith,* 123 Ohio St. 237, distinguished.)"

Our task herein is ultimately to determine whether appellee received a fair trial and whether, under the facts in this cause, appellee met the requisite standard of "good cause shown," pursuant to the present R. C. 2945.37, which would warrant a hearing on the issue of competency to stand trial.

The record clearly indicates that a hearing concerning competency to stand trial was held approximately three months before trial, whereupon the evidence submitted, which included psychiatric reports, resulted in the decision that appellee was competent to stand trial. Thus, all prior medical reports clearly indicated that appellee was competent to stand trial.

The record further discloses that, except for one minor, isolated instance, appellee had not displayed any ludicrous or irrational behavior at trial which would suggest to the court that an additional hearing was necessary.[1]

The record is devoid of any objective indications as to how and to what extent appellee's mental condition has changed. The only suggestion of appellee's declining mental condition is a sole unqualified and unsubstantiated assertion made by defense counsel on the fourth day of the trial. The claim of incompetency to stand trial was that an additional defense counsel had talked to appellee over the weekend and that by reason thereof there was a serious question as to appellee's competency to stand trial. Defense counsel simply concluded without further specific indications or evidence that "I do not believe that David [appellee] has the ability to assist counsel in his own defense."

It is clearly evident that there is no objective indication demonstrated by appellee's conduct, medical reports or spe-

---

[1] On the fifth day of trial, after the trial court had denied the motion for a hearing of competency to stand trial, the appellee, during the testimony of a defense witness, stood up and began to slowly exit the courtroom. This is the only questionable occurrence exhibited by the appellee in the courtroom.

The record is devoid of any other subtle nuances or questionable actions by the appellee during trial. Therefore, it seems that appellee was, in general, quite alert and attentive throughout this long trial, which is supportive of appellant's argument that an additional hearing is unnecessary.

cific reference by defense counsel of irrational behavior or the like that would indicate "good cause shown" for the allowance of an additional hearing.

For the foregoing reasons, appellant's first proposition of law is held meritorious.

## II.

At trial, appellee introduced four psychiatrists to testify as to appellee's mental state at the time of the offense. Each of these witnesses attempted to testify regarding the bases of his professional opinion by referring to the contents of one or more reports pertaining to the defendant. These included: prior histories prepared by other mental health professionals; hospital records; United States Marine Corps clinical records; and high school records. The court sustained the prosecutor's objections, limited testimony to references to the reports and expressly prohibited testimony about their contents.

Appellee, in his cross-appeal, argues that the bases of a psychiatrist's opinion are admissible. The Court of Appeals rejected this argument. We agree with the Court of Appeals.

These facts present the issue of whether a psychiatrist, appearing as an expert witness, may testify about the contents of writings which he did not prepare but which aided him in formulating his opinion. In Ohio, the applicable rule is well settled. "In paragraph one of the syllabus of *Burens* v. *Indus. Comm.* (1955), 162 Ohio St. 549, this court stated: 'The hypothesis upon which an expert witness is asked to state an opinion *must be based upon facts within the witness' own personal knowledge or upon facts shown by other evidence.*' " (Emphasis *sic.*) *Kraner* v. *Coastal Tank Lines* (1971), 26 Ohio St. 2d 59, 60. See, also, *Zelenka* v. *Indus. Comm.* (1956), 165 Ohio St. 587; *Drumm* v. *Blue Cross* (1974), 40 Ohio App. 2d 421, 429.

In this case, the report and records in question were not prepared by the four witnesses nor were these documents in evidence. The trial court, therefore, correctly sustained the objection. The Court of Appeals correctly affirmed.

## III.

Appellee, in his cross-appeal, argues that the trial court er-

red by refusing to admit in evidence each of three reports prepared by court-appointed psychiatrists.[2] We disagree.

R. C. 2945.39 permits a criminal trial court to appoint an examiner or examiners to evaluate whether a defendant was insane at the time the offense was committed. This statute also requires that the examiner(s) provide copies of a report on that evaluation to the court, the defense and the prosecution.[3]

Appellee contends that submitting these reports to the court makes them *ipso facto* admissible. This argument ignores the obvious purpose of R. C. 2945.39, however. The statute is comparable to Crim. R. 16(B)(1)(d) and Crim. R. 16(C)(1)(b).[4] This rule permits an exchange between the

---

[2] One of these reports was prepared because of another, unrelated incident.

[3] R. C. 2945.39 provides, in pertinent part:

"(A) If a defendant enters a plea of not guilty by reason of insanity, the court may order one or more, but not more than three, evaluations of the defendant's mental condition at the time of the commission of the offense.* * *
"* * *

"(C)* * *
"The court shall notify the prosecutor and defense counsel immediately upon the appointment of an examiner under this section, and specify the name and address of the examiner. An examiner appointed under this section may be called as a witness by the court or any party and shall be subject to direct and cross-examination by the prosecutor and defense counsel.* * *

"The examiner shall complete the examination within thirty days after the court's order for the evaluation and shall prepare and provide to the court, prosecutor, and defense counsel a written report concerning the mental condition of the defendant.
"* * *

"Persons appointed as examiners under this section shall be paid a reasonable amount for their services and expenses, as certified by the court* * *."

[4] Crim. R. 16 provides, in pertinent part:
"* * *

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.
"* * *

"(d) *Reports of examination and tests.* Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examination, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.
"* * *

"(C) Disclosure of evidence by the defendant.

defense and the prosecution of reports on mental examinations and other matters. R. C. 2945.39 insures that the court, which authorized the examination and must certify its cost, will receive each report. The parties receive a copy of each report to assist their preparation of the case. If one of the parties wishes to offer a report as evidence, R. C. 2945.39 does not exempt that party from satisfying the requirements of the law of evidence.

At trial, the court's ultimate ruling was consistent with the holding of this court. On appeal, appellee proposes that the reports are admissible under one or more of the following statutes: R. C. 2317.36, 2317.37 and 2317.38 (composite reports); R. C. 2317.40 (business records); and R. C. 2317.42 (official reports). Nevertheless, trial counsel did not make an offer of proof ("proffer") when the court excluded the report from evidence. Without a proffer, the record is silent as to the content of these reports as well as the reasons why they would be admissible under the statutes to which appellee refers in his brief. These circumstances prevent this court from examining further the admissibility of the reports. We adhere to the long-standing rule that a reviewing court will uphold the trial court's decision to exclude evidence if the record does not contain a proffer. *Mingo Junction* v. *Sheline* (1935), 130 Ohio St. 34, 37; *Smith* v. *Rhodes* (1903), 68 Ohio St. 500, 505; *Bean* v. *Green* (1878), 33 Ohio St. 444, paragraph six of the syllabus; *Neff* v. *Cincinnati* (1877), 32 Ohio St. 215, paragraph two of the syllabus; *Bolen* v. *State* (1875), 26 Ohio St. 371, paragraph one of the syllabus; *Gandolfo* v. *State* (1860), 11 Ohio St. 114, paragraph one of the syllabus; *Hollister* v. *Reznor* (1858), 9 Ohio St. 1, 6-7; *Scovern* v. *State* (1856), 6 Ohio St. 288, 294-295;

---

"(1) Information subject to disclosure.
"* * *

"(b) Reports of examinations and tests. If on request or motion the defendant obtains discovery under subsection (B)(1)(d), the court shall, upon motion of the prosecuting attorney, order the defendant to permit the prosecuting attorney to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, available to or within the possession or control of the defendant, and which the defendant intends to introduce in evidence at the trial, or which were prepared by a witness whom the defendant intends to call at the trial, when such results or reports relate to his testimony."

*Stull* v. *Wilcox* (1853), 2 Ohio St. 569, 573-574.[5] In this regard, we are in accord with the Court of Appeals.

Therefore, although parts II and III of this opinion coincide with the opinion of the Court of Appeals, our holding in part I requires that we reverse the judgment of that court.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, VICTOR and C. BROWN, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for HOLMES, J.

---

[5] R. C. 2945.41 provides:

"The rules of evidence in civil causes, where applicable, govern in all criminal causes."

This court has observed that the rules of evidence "cannot govern if they infringe the constitutional rights of an accused." *State* v. *Tims* (1967), 9 Ohio St. 2d 136, 137; but, see, *State* v. *Spikes* (1981), 67 Ohio St. 2d 405; and *State* v. *Nevius* (1947), 147 Ohio St. 263, paragraph six of the syllabus. Yet, appellee makes only vague references to a denial of his constitutional rights. Constitutional analysis requires more specific considerations. See *State* v. *Wilson* (1972), 30 Ohio St. 2d 199, 203.

Furthermore, "every jurisdiction has a strong interest***in the development and precise formulation of the rules of evidence applicable in criminal proceedings. See *Snyder* v. *Massachusetts,* 291 U. S. 97, 107, (1934); *California* v. *Green,* 399 U. S., at 171 (concurring opinion)." *Ohio* v. *Roberts* (1980), 448 U. S. 56, 64. See, also, *Dutton* v. *Evans* (1970), 400 U. S. 74, 94 (Harlan, J., concurring). Therefore, the *Kraner* rule applies in this case, because there has been no constitutional violation.