**David Allen CHAPIN,**
**Petitioner-Appellee,**

v.

**R.C. MARSHALL, Respondent-Appellant.**

No. 82–3417.

United States Court of Appeals,
Sixth Circuit.

Argued March 14, 1983.

Decided April 15, 1983.

Rehearing and Rehearing En Banc
Denied July 19, 1983.

Simon Karas, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant.

Jill E. Stone, Ohio Public Defender, Columbus, Ohio, for petitioner-appellee.

Before ENGEL, Circuit Judge, WEICK, Senior Circuit Judge, and BALLANTINE,[*] District Judge.

PER CURIAM.

Ronald C. Marshall, Superintendent of the Southern Ohio Correctional Facility at Lucasville, Ohio, appeals from an order of the United States District Court for the Southern District of Ohio granting the writ of habeas corpus to David Allen Chapin. On March 15, 1979 a jury convicted Chapin of aggravated murder in violation of Ohio Rev.Code § 2903.01(A), and Chapin was sentenced to a term of life imprisonment. Chapin appealed to the Court of Appeals of Clermont County, arguing that the trial court erred by overruling his counsel's midtrial request for a competency hearing. On March 5, 1980 the Court of Appeals reversed Chapin's conviction on this ground, but on December 5, 1981 the Supreme Court of Ohio overruled the Court of Appeals, and reinstated Chapin's conviction. *State v. Chapin*, 67 Ohio St.2d 437, 424 N.E.2d 317 (1981).

* Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Chapin then filed a petition for writ of habeas corpus with the United States District Court for the Southern District of Ohio. Chapin's sole ground for habeas corpus relief was the trial court's refusal to hold a competency hearing after the trial commenced. On June 2, 1982 the district court granted Chapin's petition, and this appeal followed.

Evidence offered at trial established that Chapin shot and killed his longtime friend and roommate, Donald Leming, during the late evening of October 3 or the early morning of October 4, 1978. Apparently an argument concerning religion precipitated the crime. Petitioner placed his roommate's body in the trunk of his car, and drove to a State Highway Patrol Office, where he told the dispatcher on duty that he was wanted for murder. Petitioner said he was "going to kill someone" and when asked whom, stated that he had already killed him. The dispatcher officer then asked petitioner to leave.

Later that same morning, Chapin drove to Raymond Walters College, where he was a student, and spoke to his former botany professor, Dr. DeJong. Chapin told DeJong that he had a dead human body in his car trunk, and asked DeJong if he wanted it for lab dissection. Petitioner then stated that the body was that of his best friend and that his friend had willed his body to science. Chapin also stated that he had been drinking, had gotten into an argument with his friend, and had shot him in self-defense. DeJong notified the police, who then took Chapin into custody.

On October 30, 1978, several months before trial, Chapin's counsel filed a suggestion of incompetency to stand trial. Chapin was referred for psychiatric examination, and a competency hearing was held on December 6, 1978. Chapin was found competent to stand trial at that time.

Trial commenced on March 7, 1979. On the fourth day of trial defense counsel made a motion in chambers for a second competency hearing. Defense counsel asserted that Chapin's mental condition had deteriorated, and also presented several psychiatrists who testified that Chapin was mentally ill and in fact had a long history of mental illness. The trial court, however, overruled Chapin's request for a second competency hearing on the basis of the December 6, 1978 decision holding that Chapin was competent to stand trial.

In granting habeas corpus relief, the district court stated that Chapin had presented evidence which raised a reasonable doubt concerning his competency to stand trial, and that therefore the trial judge was constitutionally required to hold a competency hearing. *Chavez v. United States,* 641 F.2d 1253, 1258 (9th Cir.1981). On appeal, the state argues that defense counsel's mid-trial suggestion of incompetency did not warrant a second competency hearing.

In reversing the Ohio Court of Appeals and reinstating Chapin's conviction, the Ohio Supreme Court thoroughly reviewed all of the evidence and observed:

> Our task herein is ultimately to determine whether appellee received a fair trial and whether, under the facts in this cause, appellee met the requisite standard of "good cause shown," pursuant to the present R.C. § 2945.37, which would warrant a hearing on the issue of competency to stand trial.

> The record clearly indicates that a hearing concerning competency to stand trial was held approximately three months before trial, whereupon the evidence submitted, which included psychiatric reports, resulted in the decision that appellee was competent to stand trial. Thus, all prior medical reports clearly indicated that appellee was competent to stand trial.

> The record further discloses that, except for one minor, isolated instance, appellee had not displayed any ludicrous or irrational behavior at trial which would suggest to the court that an additional hearing was necessary.[1]

> The record is devoid of any objective indications as to how and to what extent appellee's mental condition has changed. The only suggestion of appellee's declining mental condition is a sole unquali-

fied and unsubstantiated assertion made by defense counsel on the fourth day of the trial. The claim of incompetency to stand trial was that an additional defense counsel had talked to appellee over the weekend and that by reason thereof there was a serious question as to appellee's competency to stand trial. Defense counsel simply concluded without further specific indications or evidence that "I do not believe that David [appellee] has the ability to assist counsel in his own defense."

It is clearly evident that there is no objective indication demonstrated by appellee's conduct, medical reports or specific reference by defense counsel of irrational behavior or the like that would indicate "good cause shown" for the allowance of an additional hearing.

[1] On the fifth day of trial, after the trial court had denied the motion for a hearing of competency to stand trial, the appellee, during the testimony of a defense witness, stood up and began to slowly exit the courtroom. This is the only questionable occurrence exhibited by the appellee in the courtroom.

The record is devoid of any other subtle nuances or questionable actions by the appellee during trial. Therefore, it seems that appellee was, in general, quite alert and attentive throughout this long trial, which is supportive of appellant's argument that an additional hearing is unnecessary.

*State v. Chapin,* 67 Ohio St.2d 437, 441–42, 424 N.E.2d 317 (1981).

Upon such findings, which were unanimously reached by the Ohio Supreme Court and to which we defer, 28 U.S.C. § 2254(d), we conclude that it was error for the district judge to reach a contrary decision even though as an initial matter another trier of fact might have so concluded. We are particularly impressed by the ability of the state trial judge to actually observe Mr. Chapin's demeanor during the trial and by the absence of any concrete indication that Chapin's mental condition in any way impeded his ability to assist in his own defense. Accordingly,

The judgment of the district court is reversed and the cause remanded with instructions to dismiss the petition.

* Prior to the scheduled oral argument in this case, the appellant filed a motion to waive the argument. The court subsequently granted the appellant's motion and this appeal was submitted on the briefs and record.