770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN D. KING, PETITIONER-APPELLANT,
v.
RONALD C. MARSHALL, RESPONDENT-APPELLEE.
 NO. 84-3069
 United States Court of Appeals, Sixth Circuit.
 7/31/85
 
 S.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On the morning of November 21, 1978, Thomas and Donna Henderson were found shot to death at their Sohio Service Station, which had been robbed. John D. King, the petitioner here, was arrested in connection with the crime at about 7:30 p.m. on November 24, 1978.
 
 
 2
 King was read his Miranda warnings shortly after he was arrested. His warnings were read a second time shortly after detectives from the Mahoning County Sheriff's Department took custody of him later that evening. Upon arrival at the Sheriff's Department at about 1 a.m. that night, he was asked if he would give a statement in the morning regarding the murders. He replied that he would. However, he declined to have his parents or a lawyer present. The detectives nevertheless called King's parents, who both declined to attend. The detectives then called the Juvenile Judge of Mahoning County and, after giving him this background, asked how they should proceed. The judge told them to proceed with King, a minor, as they would with an adult.
 
 
 3
 At about 10:30 a.m. the next morning, King was brought from his cell and read his Miranda warnings a third time. He signed a rights sheet and agreed to give a statement. A tape-recorded confession was then taken in which he admitted the crime in detail and traced his movements on that date. King was tried as an adult, and the confession was admitted at his trial over objection. The jury found him guilty of two counts of aggravated murder and one count of aggravated robbery. He was sentenced to two consecutive life terms on the aggravated murder counts and seven to twenty-five years on the aggravated robbery count to run concurrently with the other counts.
 
 
 4
 King appealed his conviction to the Ohio Court of Appeals for Mahoning County. His major argument on appeal was that he had not made a knowing, intelligent, and voluntary waiver of his fifth amendment rights. See Fare v. Michael C., 442 U.S. 707, 724-25 (1979); Miranda v. Arizona, 384 U.S. 436, 475-77 (1966). Michael C. involved the validity of a juvenile's confession made after a colorable invocation of his fifth amendment right to remain silent. The review is founded upon all the circumstances surrounding the interrogation that led to the challenged confession.
 
 
 5
 Petitioner argued that he was never warned of the serious penalties he faced and that, as this was his first offense, he was unfamiliar with the criminal justice system. Petitioner argued in particular that, although he was seventeen years old and of average intelligence, expert testimony showed he had little capacity for abstract thought, had negligible capacity to handle even simple crisis situations, and had no real understanding of the consequences of waiving his rights. The state court rejected these arguments and affirmed the conviction, saying it was 'obvious that this appellant was repeatedly informed of his rights, there was a total environment of protectiveness as opposed to coercion or trickery, the police officers afforded him aid and comfort. His waivers and statements were knowing, intelligent and free of taint.' State v. King, No. 79 C.A. 138, slip op at 8-9 (Ohio Ct. App. Jan. 7, 1982), leave to appeal denied, No. 82-326 (Ohio May 12, 1982).
 
 
 6
 Here the officers repeatedly informed King of his rights, told him that he could have somebody present if he wished, contacted his parents to see if they wanted to be present or have an attorney present, and inquired of a juvenile court judge about how they should proceed. To find these circumstances violative of King's fifth amendment rights would mandate the presence of an attorney before any statement were taken. This per se rule was rejected in Michael C.
 
 
 7
 As petitioner concedes, he has the burden of showing that the state court's finding of a proper waiver was 'not fairly supported by the record.' 28 U.S.C. Sec. 2254(d)(8); see Summer v. Mata, 449 U.S. 539 (1981); Chapin v. Marshall, 704 F.2d 335, 337 (6th Cir. 1983) (per curiam), cert. denied, 104 S. Ct. 722 (1984). A valid waiver need only be intelligent, not wise. King was more than seventeen years old, was of average intelligence, concededly understood that he was giving up certain rights, and was found competent to stand trial in an adult proceeding. He has not met his burden of proof for habeas corpus relief.
 
 
 8
 Petitioner also urges us to join those state courts that flatly bar the use of any statement taken from a juvenile without the presence of an attorney, parent, or other interested and concerned adult. This, of course, is a matter of state rather than federal law. We are bound by the federal standards set by the Supreme Court in Michael C.
 
 
 9
 The denial of the writ of habeas corpus is affirmed.