DECISION
Defendant-appellant, Mark A. Kendrick, appeals from a judgment of the Franklin County Court of Common Pleas finding that he is a sexual predator pursuant to R.C. 2950.09(C).
In 1983, defendant was found guilty of one count of kidnapping in violation of R.C. 2905.01, two counts of rape in violation of R.C. 2907.02, and four counts of theft in violation of R.C. 2913.02, and was sentenced to an aggregate term of ten to fifty years. Following the January 1, 1997 effective date of R.C. Chapter 2950, and pursuant to the provisions set forth there, defendant was brought before the trial court for a determination of whether he is a sexual predator. R.C. 2950.09(C) (1).
On July 29, 1998, a hearing was held on the matter. Although defendant's counsel never requested a competency hearing, defendant's counsel questioned defendant's competency to assist in his own defense. Without specifically addressing defendant's competency, the trial court asked defense counsel to proceed with the sexual predator hearing "based upon the assistance you have been given from [defendant]." (Tr. 7.)
Based on the testimony and evidence presented at the hearing, the trial court determined by clear and convincing evidence that defendant is a sexual predator. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN FINDING, BY CLEAR AND CONVINCING EVIDENCE, THAT APPELLANT IS A SEXUAL PREDATOR UNDER R.C. CHAPTER 2950.
 II. THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR WITHOUT DETERMINING THAT HE WAS COMPETENT TO PROCEED UNDER R.C. 2945.37.
We first address defendant's second assignment of error, which contends the trial court erred by not determining defendant's competency prior to the sexual predator hearing.
Pursuant to fundamental principles of due process, a defendant who is legally incompetent cannot be subjected to trial. Pate v. Robinson (1966), 383 U.S. 375; State v. Berry
(1995), 72 Ohio St.3d 354. The conviction of an accused while he or she is not legally competent to stand trial violates due process of law. State v. Chapin (1981), 67 Ohio St.2d 437, 439, citing Bishop v. United States (1956), 350 U.S. 961; State v.Archie (Sept. 27, 1990), Franklin App. No. 89AP-104, unreported (1990 Opinions 4339). In Ohio, R.C. 2945.37 protects the right of a criminal defendant not to be tried or convicted while incompetent. State v. Berry, supra, at 359. R.C. 2945.37(B) provides, in part:
 In a criminal action in a court of common pleas * * * the court, prosecutor or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion. (Emphasis added.)
A sexual predator hearing held pursuant to R.C. 2950.09(C) is civil, not criminal, in nature. State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported (1998 Opinions 2075). Defendant nonetheless points to language in State v. Cook (1998),83 Ohio St.3d 404, and argues that it demonstrates the criminal nature of the sexual predator hearing.
Among other issues, Cook dealt with the type of evidence to be utilized at sexual predator hearings. The court noted that Evid.R. 101(C) excepts application of the formal rules of evidence "from certain proceedings, such as miscellaneous criminal proceedings." Cook, supra, at 425. Cook, however, did not find sexual predator hearings are criminal in nature; it simply noted that in determining whether the rules of evidence apply, sexual predator hearings are similar to sentencing or probation hearings.Id. at 425.
At the same time, Cook also determined that the provisions of R.C. Chapter 2950 did not violate the United States Constitutional prohibitions against ex post facto laws. In doing so, the court analyzed the law under the "intent-effects" test, used to determine whether a statute is civil or criminal. Applying that test, the court determined whether R.C. Chapter 2950 is remedial or punitive, and found that the provisions are remedial in intent and effect, a determination which suggests the statute is civil. Since Cook, this court has reaffirmed that sexual predator hearings are civil. State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported (1998 Opinions 4961); see, also, State v. Leftridge (Apr. 1, 1999), Cuyahoga App. No. 73029, unreported; State v. Holler (Dec. 4, 1998), Hamilton App. No. C-980233, unreported; State v. Ridenbaugh (May 27, 1999), Licking App. No. 97CA149, unreported; State v. Hannold (June 28, 1999), Washington App. No. 98 CA 40, unreported. Because sexual predator hearings are not criminal in nature, R.C. 2945.37 does not apply. The trial court did not err in not determining defendant's competency under that statute before the sexual predator hearing.
Defendant next contends that even if sexual predator hearings are civil in nature, an incompetent party is entitled under Civ.R. 17(B) to the appointment of a guardian ad litem to represent his interest. Civ.R. 17(B) states, in relevant part, that "[w]hen a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person." A trial court may appoint a guardian ad litem or it may make some other order that would protect an incompetent person. Dailey v. Dailey
(1983), 11 Ohio App.3d 121, 123 (noting that "Civ. R. 17(B) clearly authorizes a court other than the probate court to appoint a guardian ad litem for the protection of an individual the court believes to be incompetent. The probate courts do not possess exclusive jurisdiction in these matters"). The trial court's obligation to appoint a guardian or other representative, or make some other proper order, arises when the court determines that a minor or incompetent person is not otherwise represented. In re Carter (Feb. 8, 1991), Franklin App. No. 90AP-755, unreported (1991 Opinions 605).
Ohio courts in various contexts have found that the failure to appoint a guardian ad litem does not constitute reversible error where no request for a guardian ad litem is made or defendant cannot show prejudice. See In the Matter of Likens
(Oct. 24, 1986), Greene App. No. 85CA 80, unreported; In theMatter of McMunn (Jan. 24, 1990), Hocking App. No. 88 C8, unreported; In re Mcquitty (May 5, 1986), Warren App. No. CA085-04-016, unreported; State v. White (June 21, 1995), Hamilton App. No. C-940680, unreported. Although all of those cases involved minors under Juv.R. 4, not incompetent persons, defendant advances no reason a different principle should be applied to an incompetent person under Civ.R. 17(B), which itself does not distinguish between a minor or an incompetent person.
Here, defendant's counsel did not request that a guardian ad litem be appointed. Nor has defendant alleged or shown he was prejudiced by not having a guardian ad litem
appointed. While defendant has continuously refused to speak with any psychologists, he talked with his attorney and attempted to assist her in preparation of his defense in the matter, even though both stated that the relationship was not working well. Given defendant's representation at his sexual predator hearing, coupled with his refusal to speak to psychologists, the record fails to even hint at that which a guardian ad litem could contribute, or how defendant was prejudiced by the lack of one. See White, supra, (noting no evidence of any prejudice due to trial court's failure to appoint guardian ad litem, given appellant's representation by counsel); McMunn, supra.
In addition, Civ.R. 17(B) contemplates that before a guardian ad litem is appointed under Civ.R. 17(B), defendant must be incompetent. Defendant presented nothing in the trial court, other than speculation on counsel's part, to demonstrate defendant's alleged incompetency. Indeed, defendant will not be evaluated by psychologists to determine whether he is incompetent. Thus, even were we to return this matter to the trial court to determine competency, such a determination would be difficult, if not impossible, without an evaluation or testimony from a psychologist. In the final analysis, because defendant neither requested that a guardian ad litem be appointed, nor demonstrated prejudice from not having a guardian ad litem or a hearing to determine the propriety of appointing one, defendant's second assignment of error is overruled.
Defendant's first assignment of error contends the trial court's determination that he is a sexual predator is not supported by sufficient evidence. In reviewing the trial court's sexual predator determination for the sufficiency of the evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find that the state has met its burden in proving by clear and convincing evidence that defendant is a sexual predator. State v.Jenks (1991), 61 Ohio St.3d 259; State v. Thomas (Nov. 6, 1997), Franklin App. No. 97APA03-371, unreported (1997 Opinions 4541).
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape, in violation of R.C. 2907.02, is a sexually oriented offense. R.C.2950.01(D) (1). Thus, the issue resolves to whether clear and convincing evidence supports the trial court's conclusion that defendant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B) (3); State v. Cook, supra, at 423-424. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v.Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence" it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341, 346.
R.C. 2950.09(B) (2) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute. The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude defendant is a sexual predator. State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported (1999 Opinions 831); see, also, State v.Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported.
Here, the trial court did not state on the record or in its judgment entry its reasons for finding defendant is a sexual predator, or the factors it considered in making its determination. The court simply noted that it reviewed all the exhibits admitted, as well as the testimony of two doctors who testified at the July 29 hearing, and then determined "by clear and convincing evidence" that defendant is a sexual predator. The trial court's failure to specify the factors and evidence it considered in making such a determination is not error. Cook,supra, at 426 (holding that R.C. 2950.09(B) (2) "does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria set out in R.C. 2950.09(B) (2) in making his or her findings."); Maser, supra, (affirming trial court's sexual predator determination while judgment entry simply stated that "[t]he state has proved by clear and convincing evidence you are a sexual predator," not indicating any reasons for that finding). An appellate court, in reviewing a finding that defendant is a sexual predator "must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson
(Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551, 4558).
While "past behavior is often an important indicator of future propensity," State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported (1999 Opinions 1043, 1048), defendant's being convicted for a past sexual offense does not necessarily lead to the conclusion that he is a sexual predator. State v.Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported (1999 Opinions 1032) ("Had the legislature intended to rely solely on the underlying offense in sexual predator determinations, it would have done away with the sexual predator determination hearings and simply classified any person committing a sexually oriented offense as a sexual predator"). A trial court cannot find an offender a sexual predator solely on facts arising from the underlying offense. Id., citing State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
The state, however, contends it presented more than defendant's conviction for the underlying offense. It asserts other evidence in the record supports the trial court's decision, noting defendant refused to take part in any sexual offender's programs, R.C. 2950.09(B) (2) (f), defendant has maintained his innocence of the offenses and has shown no remorse, R.C.2950.09(B) (2) (j), and the crime was egregious. R.C.2950.09(B) (2) (h) and (i).
Albeit minimally, the state presented sufficient evidence to the court to find defendant a sexual predator by clear and convincing evidence. Specifically, defendant has continued to deny any wrongdoing and has shown no remorse for the crime. Defendant's attitude toward his own actions weigh in favor of a sexual predator status. See State v. Ayers (Sept. 15, 1998), Franklin App. No. 97APA11-1556, unreported (1998 Opinions 414); see, also, State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported; State v. Hill (May 21, 1999), Montgomery App. No. 17246, unreported.
Defendant also has not undergone any treatment for sexual offenders. While no such treatment currently is offered at the institution where he is incarcerated, previous institutions have had such programs and defendant has availed himself of none of them. Defendant's refusal to undergo such programs is another factor that weighs in favor of a sexual predator finding. State v.Collins (June 29, 1999), Union App. No. 14-99-05, unreported, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (1998 Opinions 368); State v. Lewis (Sept. 15, 1999), Allen App. No. 1-99-22, unreported.
Moreover, as the state notes, the facts of the case are egregious. Defendant and his co-defendant kidnapped the victim and her friend, carried the victim into a house against her will, and forced her to engage in vaginal intercourse and fellatio with both defendants. When the police came, defendants took the victim to their car and drove for a distance until they pulled up to another car and offered to sell the victim to the men in that car. They robbed the men at gun point. State v. Kendrick (June 28, 1984), Franklin App. No. 83AP-246, unreported (1984 Opinions 1681).
While other R.C. 2950.09(B) (2) factors may not pertain here, "[s]imply because certain factors may not apply to a particular defendant does not mean that he or she cannot be adjudicated a sexual predator." State v. Gropp, supra; see, also,State v. Maser, supra. The evidence here is sufficient for a rational trier of fact to find that the state had met its burden to prove with clear and convincing evidence that defendant is a sexual predator. Therefore, defendant's first assignment of error is overruled.
Having overruled both of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.