JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Vincent D. Smith ("appellant") appeals from the judgment of the trial court, alleging that the trial court erred in accepting his guilty pleas. For the reasons set forth below, we affirm.
 {¶ 2} Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11 with a notice of previous conviction and a repeat violent offender specification, two counts of endangering children in violation of R.C. 2919.22 and one count of domestic violence in violation of R.C. 2919.25. Appellant pled not guilty to all counts of the indictment, which he later retracted. Following a colloquy with the trial court, appellant entered guilty pleas. He was sentenced accordingly and now appeals, asserting two assignments of error for our review.
 {¶ 3} "I. The trial court erred by accepting appellant's guilty plea without addressing him personally to determine the plea was voluntarily and knowingly made in accordance with Crim.R. 11."
 {¶ 4} Appellant maintains that the trial court failed to address him personally during his plea colloquy.
 {¶ 5} Appellant further submits that the trial court erred in accepting his guilty pleas without first determining that he was competent to enter such a plea. Appellant highlights a portion of the transcript in which he claims he was "rambling" as evidence to support his contention that he was not competent to enter a guilty plea.
 {¶ 6} The standard for determining competency to stand trial is the same as the standard for determining competency to enter a guilty plea. State v. Johnson, Cuyahoga App. No. 81601, 2003-Ohio-2303 citing Godinez v. Moran (1993), 509 U.S. 389,391. The burden of establishing incompetence, however, is upon the defendant. See State v. Williams (1986), 23 Ohio St.3d 16,19, citing State v. Chapin, 67 Ohio St.2d 437, State v.Stanley (1997), 121 Ohio App.3d 673, 685.
 {¶ 7} We review the trial court's decision to find a defendant competent under an abuse of discretion standard. Statev. Vrabel, 99 Ohio St.3d 184, 2003-Ohio-3193. This court will not disturb a trial court's findings if they are supported by some reliable, credible evidence. Id.
 {¶ 8} In this case, the trial court found that appellant was competent to enter guilty pleas, based on his observation of appellant during the plea colloquy and on psychiatric reports indicating his competency, which appellant failed to submit as a part of the appellate record. The duty to provide a record of the trial court proceedings for appellate review rests upon the appellant. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. In the absence of a complete record, this court must presume the regularity of the trial court proceedings. Knapp, supra.
 {¶ 9} Furthermore, we decline to find that appellant's" rambling" indicated that he was incompetent to enter a plea. The record indicates only that appellant was somewhat hesitant to enter a guilty plea because it would be "lying." However, appellant made it clear to the trial court that he wanted the charges to be "behind" him and that he was willing to plead guilty in order to end the proceedings.
 {¶ 10} Finding no abuse of discretion in finding appellant to be competent to enter guilty pleas, we overrule this assignment of error.
 {¶ 11} "II. The appellant was denied effective assistance of counsel guaranteed under Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution."
 {¶ 12} Appellant avers in his second and final assignment of error that his trial counsel was ineffective for failing to adequately advise him regarding his guilty pleas. Specifically, appellant claims that, given his questionable mental condition, trial counsel should have consulted with him regarding any reservations he may have had in entering guilty pleas. We disagree.
 {¶ 13} In order to demonstrate ineffective assistance of counsel, the defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. See Strickland v. Washington (1984),466 U.S. 668, 687; State v. Noling (2002), 98 Ohio St.3d 44, 65,2002-Ohio-7044; State v. Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687; see, also, Bradley, paragraph two of the syllabus (stating that counsel's performance is deficient if it falls below an objective standard of reasonable representation). To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley, supra, paragraph two of the syllabus; see, also,Strickland, 466 U.S. at 687. Moreover, when a reviewing court considers an ineffective assistance of counsel claim, it should not consider what, in hindsight, may have been a more appropriate course of action. See State v. Phillips, 74 Ohio St.3d 72, 85,1995-Ohio-171 (stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made). Rather, the reviewing court "must be highly deferential." Strickland, 466 U.S. at 689. As the Strickland
Court stated, a reviewing court:
 {¶ 14} "Must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. 466 U.S. at 689; see, also,State v. Hamblin (1988), 37 Ohio St.3d 153, certiorari denied (1988), 488 U.S. 975.
 {¶ 15} In this case, the record indicates that, during the morning session of the plea proceedings, there was a discussion on the record regarding the potential sentences appellant would face if he did not plead guilty and whether appellant would be subject to post-release control. The trial court granted a break to allow appellant to think about what had been discussed and to conference with his attorney regarding the plea. Following this break, appellant entered guilty pleas.
 {¶ 16} Appellant maintains that, given his "suspect" mental condition, his trial counsel was deficient for failing to consult with his client regarding any reservations he may have had in pleading guilty. However, we found in the above assignment of error that appellant's alleged" rambling" was mere hesitation in entering a guilty plea and alone, not indicative of incompetence. Furthermore, the record indicates that trial counsel did advise his client regarding the plea during the morning break. We therefore overrule this assignment of error.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Anthony O. Calabrese, Jr., and Kenneth A. Rocco, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.