DECISION.
{¶ 1} Defendant-appellant Jerry Jones pleaded no contest to violations of his community control resulting from a forgery conviction. The trial court imposed a 12-month sentence. Jones now appeals, arguing (1) that his trial counsel was ineffective for failing to request a competency hearing after acknowledging Jones's mental issues; and (2) that he made his plea unknowingly.
 {¶ 2} The purpose of Crim.R. 11 is to assure that the defendant is informed. It also enables the court to determine that the defendant understands that his plea waives his constitutional right to a trial. When Jones originally pleaded guilty to forgery, the dialogue between the trial court and Jones at the plea hearing supported the court's decision that Jones had voluntarily, knowingly, and intelligently pleaded guilty to forgery. When Jones was brought back to court on violations of his community control, Jones pleaded no contest. Although Jones then made a statement that he was "confused about his violation," in the broader context of the plea and sentencing hearing, the record does not contain sufficient indicia that Jones was incompetent.
 {¶ 3} Additionally, Jones's trial counsel did not fall below an objective standard of reasonableness by failing to request a competency hearing. Although Jones may suffer from depression, nothing in the record indicates that Jones was incompetent at the time he entered his plea. For these reasons, we affirm the trial court's judgment.
 I. A Community-Control Violation, a Plea, and now an Appeal {¶ 4} In January 2004, Jones pleaded guilty to forgery.[1] The trial court properly reviewed all the constitutional rights Jones was waiving by entering a plea under Crim.R. 11. Jones affirmatively waived all his rights and pleaded guilty. The trial court sentenced him to three years' community control and informed Jones that he would be sentenced to 12 months in prison if he violated the terms of his community control.
 {¶ 5} A year later, in January 2005, Jones pleaded no contest to four violations of his community control: (1) he had been arrested on a new charge of forgery in Kentucky; (2) he had failed to report and was declared an absconder; (3) he had failed to make payments toward the fines and court costs; and (4) he had failed to complete the community-control program.
 {¶ 6} Due to the community-control violations, the trial court sentenced Jones to a 12-month prison term. In March 2005, the trial court granted Jones's request for an appeal bond and reduced the sentence to eleven months.
 {¶ 7} Jones now claims that (1) he received ineffective assistance of counsel because his trial counsel failed to ask for a competency evaluation, and (2) he entered an unknowing plea to the community-control violations. Because we need to examine Jones's competency before addressing his ineffective-assistance-of-counsel claim, we first turn to his second assignment of error.
 II. Competency {¶ 8} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial."[2] In Pate v. Robinson, the United States Supreme Court held that a failure to observe procedures that protect a defendant's right not to be tried or convicted while incompetent deprives the defendant of the right to a fair trial.[3] In Dusky v. United States, the United States Supreme Court had set forth a test to determine whether a defendant is competent to stand trial, stating that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him."[4]
 {¶ 9} The right to a hearing on the issue of competency rises to a constitutional level where the record contains "sufficient indicia of incompetence" such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial.[5]
 {¶ 10} In Ohio, R.C. 2945.37 protects the right of a criminal defendant not to be tried or convicted while incompetent. R.C.2945.37(B) provides that "[i]n a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown." A defendant is presumed to be competent to stand trial, unless the court finds by a preponderance of the evidence that because of the defendant's present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or cannot assist in his defense.[6]
 {¶ 11} Thus, R.C. 2945.37(B) requires a trial court to hold a mid-trial hearing on the issue of competency "only for good cause shown." The Ohio Supreme Court has stated that the statutory requirement mandating a showing of "good cause" has been "construed in accordance with the general principles set forth by the United States Supreme Court in Drope and Pate."[7]
The issue of competency may be raised by the prosecution or the defense, or on the court's own motion. The determination whether to conduct a mid-trial competency hearing is normally a matter committed to the sound discretion of the trial court.[8]
 {¶ 12} In the present case, Jones alleges that he made his plea unknowingly. Jones points to his statement that he did not understand what was happening and that he did not understand how he had violated his community control. While Jones did indeed make these isolated statements, they must be analyzed in the context of the entire proceedings. We have reviewed both records — when Jones was given a Crim.R. 11 colloquy before he pleaded guilty to forgery and also when he pleaded no contest to the community-control violations — and neither leads us to conclude that Jones was incompetent.
 {¶ 13} Before the court imposed the sentence for the community-control violations, Jones was asked if he wanted to make a statement. Jones stated, "I really don't understand. I went to the TASC, I completed the TASC program. * * * I had a case manager over at SAMI and I think he sabotaged my efforts. * * * he thought that I had to relearn how to cook, how to clean, and do the basic things of living and I didn't agree with it. I was disappointed that I had to go to another * * * halfway house. * * * It didn't register to me that it was a probation violation if I didn't do the group home thing. * * * I'm really confused about the violation."
 {¶ 14} Here, the record does not contain "sufficient indicia of incompetence." Jones may have been confused as to how he violated his community control, but he was not incompetent. He did not complete his community-control program and instead left for Kentucky to live with his daughter. In doing so, and also in failing to pay his fines and court costs, and being arrested on another charge of forgery in Kentucky, Jones violated his community control.
 {¶ 15} We conclude that Jones's second assignment of error is without merit.
 III. Ineffective Assistance of Counsel {¶ 16} Jones's first assignment of error claims that he received ineffective assistance of counsel because his trial counsel did not ask for a competency evaluation. The thrust of Jones's argument is that his trial counsel acknowledged Jones's mental issues — depression and bipolar disorder — yet failed to ask for a competency hearing to ensure that Jones was entering a plea knowingly.
 {¶ 17} In Strickland v. Washington, the United States Supreme Court enunciated the two-prong standard for evaluating claims of ineffective assistance of counsel.[9] When a defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.[10]
There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[11]
The Court further stated that counsel's performance must have prejudiced the defense so as to deprive the defendant of a fair trial.[12] This means that the "defendant must [also] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[13]
 {¶ 18} In the present case, Jones was given a Crim.R. 11 colloquy in which he affirmatively waived his constitutional rights when he originally pleaded guilty. Although the trial court did not repeat the colloquy when he pleaded no contest to the community-control violations, the court was not required to do so.[14] And there is nothing in the record from either plea to suggest that Jones was incompetent when he waived his rights and received his sentence.
 {¶ 19} Additionally, there is nothing in the record to suggest that Jones's trial counsel fell below an objective standard of reasonableness by failing to request a competency hearing. Although Jones stated, "I am confused about the violation," and said, "I really don't understand," these were not statements of an incompetent person. Jones simply disagreed with what constituted a violation. He did not think that he had violated his community control by leaving the community-control program and going across the river to Kentucky to live with his daughter. Unfortunately for Jones, he was wrong.
 {¶ 20} We conclude that Jones's first assignment of error is also without merit, and we affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Hendon, J., Concur.
[1] R.C. 2913.31(A)(3).
[2] See State v. Berry, 72 Ohio St.3d 354, 359-360, 1995-Ohio-310, 650 N.E.2d 433, citing Pate v. Robinson (1966),383 U.S. 375, 86 S.Ct. 836, and Drope v. Missouri (1975),420 U.S. 162, 95 S.Ct. 896.
[3] Pate, 383 U.S. at 385.
[4] See Dusky v. United States (1960), 362 U.S. 402,80 S.Ct. 788. See, also, Drope, 420 U.S. at 172, 95 S.Ct. 896.
[5] Berry, 72 Ohio St.3d at 359-360, 1995-Ohio-310,650 N.E.2d 433, citing Drope, 420 U.S. 162, 95 S.Ct. 896, Pate,383 U.S. 375, 86 S.Ct. 836, and State v. Bock (1986),28 Ohio St.3d 108, 110, 502 N.E.2d 1016.
[6] R.C. 2945.37(G).
[7] Berry, 72 Ohio St.3d at 359-360, 1995-Ohio-310,650 N.E.2d 433, citing State v. Chapin (1981), 67 Ohio St.2d 437,424 N.E.2d 317.
[8] Id., citing State v. Rahman (1986), 23 Ohio St.3d 146,156, 492 N.E.2d 401.
[9] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[10] Id. at 687-688.
[11] Id.
[12] Id.
[13] Id. at 694.
[14] See State v. Durgan (1976), 1st Dist. Nos. C-75288 and C-75503.