OPINION *Page 2 
{¶ 1} Appellant, Craig C, a juvenile appeals his adjudication and disposition arguing that his stipulation to a probation violation was involuntary. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On September 21, 2004, in the Franklin County Juvenile Court, the appellant, age twelve, was charged by complaint with delinquency by reason of having committed two counts of rape in violation of R.C. 2907.02(A)(1)(b), first degree felonies if committed by an adult. On November 1, 2004, the State moved to dismiss one count of rape. The trial court granted the State's motion to dismiss. Thereafter, the appellant entered a true plea to the remaining rape count. The trial court immediately entered the following temporary orders for the appellant: no unsupervised contact with children less than 13 years of age, complete a sex offender assessment, and no contact with the victim. Because the appellant relocated to Licking County, the trial court subsequently transferred appellant's disposition to the Licking County Juvenile Court. Appellant was also ordered to undergo a social evaluation before the final disposition.
 {¶ 3} Upon transfer, the Licking County Juvenile Court appointed both an attorney and a guardian ad litem for the appellant. On April 4, 2005, the Licking County Juvenile Court held appellant's dispositional hearing. At the hearing, the trial court ordered the appellant to be placed in the legal custody of the Ohio Department of Youth Services for a minimum of three (3) years and a maximum not to exceed his twenty-first birthday. The trial court suspended the DYS commitment and placed appellant on *Page 3 
probation. As a result, appellant was placed at Village Network, a residential sex offender treatment facility.
 {¶ 4} On November 29, 2006, a report was filed with the juvenile court by Village Network. The report notified the court that the appellant had been terminated from the program. The report also included reasons for appellant's termination and appellant's medical summaries. The report indicated that the appellant was terminated from the program for noncompliant and disrespectful behavior. The report also indicated that the appellant would need further counseling for sex offending issues, anger management, impulsiveness, aggression and social skills. The report further indicated that upon admission to the program on November 16, 2006, the appellant was diagnosed as having "bipolar disorder, attention deficit hyperactivity disorder, borderline intellectual functioning, a history of seizure disorders, and educational and social problems related to his interaction with the legal system/crime."
 {¶ 5} Appellant was charged with a probation violation as a result of the termination from Village Network. On December 6, 2006, the appellant, fourteen years of age, appeared before a magistrate and stipulated to violating the terms of his probation. The trial court accepted his admission and ordered the appellant to be committed to the Ohio Department of Youth Services for the minimum period of three years and a maximum period not to exceed his twenty-first birthday. Appellant also executed a waiver whereby he waived his right to object to the magistrate's decision.
 {¶ 6} This Court granted appellant's motion for a delayed appeal of the trial court's December 6, 2006, Judgment for the revocation of probation and imposition of a *Page 4 
Department of Youth Services commitment. In his merit brief, the appellant sets forth the following assignments of error:
 {¶ 7} "I. COUNSEL'S FAILURE TO REQUEST A COMPETENCY EVALUATION RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 8} "II. APPELLANT'S ADMISSION TO THE PROBATION VIOLATION WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT IN VIOLATION OF THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29, AND 35(B)."
 I {¶ 9} In the first assignment of error the appellant argues that he was denied effective assistance of counsel for counsel's failure to request a competency evaluation prior to or during his stipulation to the probation violation on December 6, 2006.
 {¶ 10} It has long been recognized that a "person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial." State v. Smith (2000), 89 Ohio St.3d 323,329, 731 N.E.2d 645, quoting Drope v. Missouri (1975), 420 U.S. 162,171, 95 S.Ct. 896. "Fundamental issues of due process require that a criminal defendant who is legally incompetent may not be tried."State v. Thomas (2002), 97 Ohio St.3d 309, 315, 2002-Ohio-6624,779 N.E.2d 1017, citing State v. Berry (1995), 72 Ohio St.3d 354, 359,650 N.E.2d 433.
 {¶ 11} R.C. 2945.37(B) requires a competency hearing if a request is made before trial. State v. Were (2002), 94 Ohio St.3d 173,2002-Ohio-481, 761 N.E.2d 591, *Page 5 
paragraph one of the syllabus. But, 2945.37(B) provides that "if the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." Thus, the decision whether to hold a competency hearing once trial has begun is in the court's discretion. State v. Rahman (1986),23 Ohio St.3d 146, 153, 492 N.E.2d 401. The right to a hearing rises to the level of a constitutional guarantee when the record contains sufficient "indicia of incompetency" to necessitate inquiry to insure the defendant's right to a fair trial. Were, supra, 94 Ohio St.3d 173
at paragraph two of the syllabus. Objective indications such as medical reports, specific references by defense counsel to irrational behavior, or the defendant's demeanor during trial are all relevant in determining whether good cause was shown after the trial had begun. State v.Chapin (1981), 67 Ohio St.2d 437, 424 N.E.2d 317, paragraph one of the syllabus.
 {¶ 12} In Strickland v. Washington, the United States Supreme Court enunciated the two-prong standard for evaluating claims of ineffective assistance of counsel. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. When a defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-688. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. The court further stated that counsel's performance must have prejudiced the defense so as to deprive the defendant of a fair trial. Id. This means that the "defendant must [also] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. *Page 6 
 {¶ 13} In the case sub judice, on November 29, 2006, a report was filed by Village Network in order to provide the court with the reasons why the appellant was being terminated from the residential sex offender treatment program. The report included a sheet which included appellant's initial diagnosis prior to his admission to the program. The diagnosis included "bipolar disorder, attention deficit hyperactivity disorder, borderline intellectual functioning, a history of seizure disorders, and educational and social problems related to his interaction with the legal system/crime." At the revocation hearing, after accepting the appellant's admission, and prior to disposition, appellant's counsel indicated to the court that the appellant had experienced behavioral problems in detention. T.12. Counsel stated that appellant's grandmother attributed appellant's poor behavior to appellant's failure to take his medication (i.e. adderall). T.12. Counsel also stated that the appellant had engaged in some self-mutilating behaviors as exhibited by the scabs on his hands.T.12. Finally, counsel advised the court that the appellant was focused academically, was enjoying school, and was achieving good grades such as A's, B's and a C.T.13.
 {¶ 14} Prior to the plea, the trial court advised appellant of his rights, the nature of the charges and the rights he would be forfeiting if he voluntarily chose to enter a true plea. The trial court further inquired as to the appellant's current mental and physical state. The record reflects that the appellant, listened, understood and competently responded to the trial court. T.3-12. After being advised by the trial court, the appellant admitted to the violation, and the trial court accepted the appellant's admission.T.12.
 {¶ 15} Although it appears that the appellant struggles with some social and emotional issues, the record in this case does not demonstrate that appellant was *Page 7 
suffering from a mental condition that would have caused him to be incapable of understanding the nature and objective of the proceedings against him or that he was not capable of assisting in his defense. For these reasons, we do not find that counsel was ineffective for failing to request a competency evaluation prior to the probation revocation hearing.
 {¶ 16} Appellant's first assignment of error is not well taken and is hereby overruled.
 II {¶ 17} In the second assignment of error the appellant argues that the trial court erred in failing to sua sponte order appellant to undergo a competency evaluation prior to accepting appellant's admission to the probation evaluation. Appellant again argues that the information available to the court at the time of appellant's admission was sufficient to put the court on notice that the appellant was incompetent to enter a knowing, voluntary and intelligent plea.
 {¶ 18} For the reasons set forth in appellant's first assignment of error, we do not find appellant's second assignment of error well taken. Accordingly, appellant's second assignment of error is hereby overruled. *Page 8 
 {¶ 19} Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
 Edwards, J. Hoffman, P.J. and Gwin, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant. *Page 1