**BECHTEL, Appellant,**

**v.**

**ENGLAND, Appellee.**

[Cite as *Bechtel v. England* (1993), 87 Ohio App.3d 348.]

Court of Appeals of Ohio,
Fairfield County.

No. 28–CA–92.

Decided April 26, 1993.

*Artz, Dewhirst & Farlow* and *Beverly J. Farlow,* for appellant.

*Steven F. Jackson,* for appellee.

GWIN, Presiding Judge.

Plaintiff, Vicki Bechtel ("appellant"), appeals from the judgment summarily entered in the Fairfield County Court of Common Pleas after determining appellant's cause of action for negligence, assault, and mental anguish to be time-barred. Appellant assigns as error:

### Assignment of Error No. I

"The trial court erred as a matter of law in finding that post traumatic stress syndrome does not toll the statute of limitations, as set forth in Ohio Revised Code 2305.16."

### Assignment of Error No. II

"The trial court erred as a matter of law when it ruled that summary judgment should be granted where factual issues remained in dispute."

### Assignment of Error No. III

"The trial court abused its discretion in granting summary judgment where it relied on facts not contained in the pleadings, the affidavits and documents submitted with the pleadings and motions, or elsewhere in the record of this case."

· On November 20, 1991, at the age of thirty-four, appellant filed suit against her father, Dean England ("appellee"), alleging negligence, assault, and mental anguish for his alleged sexual assaults "beginning prior to the time [appellant] was six years of age" and "continuing throughout her entire childhood."

Appellant's first cause of action alleging negligence is confined by a two-year statute of limitations (R.C. 2305.10); the second cause of action alleging assault is confined by a one-year statute of limitations (R.C. 2305.111); and the third cause of action charging mental anguish arises from the alleged assault and is therefore governed by the one-year limitation. The parties do not dispute that these statutory limitations were tolled while appellant was within the age of minority (under eighteen years of age), pursuant to R.C. 2305.16. At issue is whether appellant was entitled to the continued tolling of the aforementioned limitations for being of "unsound mind" for the following seventeen years after she reached the age of majority, pursuant to R.C. 2305.16.

Upon appellee's motion for summary judgment, appellant produced affidavits and documentation attempting to establish that she has, from the age of six until present, been of unsound mind for purposes of the tolling provisions contained in R.C. 2305.16. The trial court concluded that appellant was not entitled to such tolling and dismissed her complaint as being time-barred by the applicable statute of limitations. Although we do not agree with the trial court's reasoning, we do agree with its ultimate determination.

### Assignments of Error Nos. I, II and III

Central to each of appellant's assigned errors is whether appellant presented evidence sufficient to create a genuine issue of material fact as to whether she was of unsound mind for purposes of the tolling provisions contained in R.C. 2305.16.

In determining whether to grant summary judgment pursuant to Civ.R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions, the motion should be overruled." *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. When reviewing summary judgments entered in the trial court, we are in essentially the same shoes as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 79, 506 N.E.2d 212, 214. Additionally, Civ.R. 56(E) requires that affidavits in support of or in opposition to summary judgment be made on personal knowledge, setting forth facts that would be admissible in evidence, and showing affirmatively that the affiant is competent to testify to the matters stated therein.

The material submitted by appellant to establish her unsound mind were her own affidavit, an affidavit of Kathleen M. Kitchen, a licensed social worker, and a confidential psychological report. In each of these documents, it is asserted that appellant suffers from a disabling mental impairment referred to as post-

traumatic stress disorder resulting from the alleged sexual abuse she suffered from appellee. It was further asserted through the two affidavits that appellant's condition was such that it prevented her from initiating the instant action against appellee until now.

We find the material submitted by appellant to be of insufficient evidentiary value to establish a genuine issue of material fact as to whether appellant suffered a disabling mental impairment between the ages of eighteen and thirty-four.

First, the affidavit of Kitchen, the licensed social worker, fails to meet the requirements of Civ.R. 56(E). The affidavit lacks an affirmative demonstration that the affiant is competent to testify regarding psychological diagnoses. While Kitchen acknowledges that she is professionally licensed to provide *psychosocial* counseling, nowhere does she state that she is competent to make the *psychological* diagnosis of post-traumatic stress disorder and that such mental condition was so debilitating as to prevent appellant from filing the instant action against appellee until now.

The confidential psychological report signed by two individuals associated with the Freshwater House Clinic is of no evidentiary value. The statements contained in the report were neither sworn to nor made a part of a deposition or affidavit. See Civ.R. 56(C).

Appellant's own affidavit claiming she suffers from post-traumatic stress disorder is of no evidentiary value because it relies on the above two "diagnoses."

There being no evidentiary material to raise a genuine issue of material fact as to whether appellant was of unsound mind for purposes of the tolling provisions contained in R.C. 2305.16, we must overrule each of appellant's assigned errors and affirm the judgment entered in the Fairfield County Court of Common Pleas.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and FARMER, JJ., concur.