CASEY, Appellant,

v.

CASEY et al., Appellees.

[Cite as *Casey v. Casey* (1996), 109 Ohio App.3d 830]

No. 69027.

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Decided March 18, 1996.

*Jeffrey S. Watson, William M. Crosby* and *Nancy A. Kelly,* for appellant.

*John W. Ours, Cecil Marlowe, Walter Ehrnfelt, Patrick Foy* and *Thomas Dover,* for appellees.

---

TIMOTHY E. McMONAGLE, Judge.

Plaintiff Holly Casey ("Casey") appeals from the order of the Cuyahoga County Court of Common Pleas which granted a summary judgment motion in this action to her parents, Michael and Christine Casey, on statute of limitations grounds. The original action alleged that the father had committed acts of sexual abuse beginning in the year 1962 and that the mother negligently failed to prevent that abuse. The following errors are assigned for this court's review:

"I. The trial court committed reversible error in granting the defendants' motion for summary judgment because genuine issues of material fact exist.

"II. The trial court committed reversible error in ruling that defendant Christine Casey was entitled to summary judgment based on defendant's erroneous contention that she had no duty to protect the plaintiff from defendant Michael Casey."

I

Casey originally filed her complaint on April 16, 1993, naming her father as the sole defendant. She claimed to have suppressed the memories of the alleged sexual abuse until an incident occurring on March 28, 1991 caused her memories to resurface. She later abandoned the repressed memory theory when discovery showed that she had received counselling between October 1988 and December 1989 that "centered on her own sexual abuse as a child." A report prepared by her counsellor stated, "Holly realized at age 26 that her father's sexualized behavior was inappropriate." On March 25, 1994, Casey voluntarily dismissed the complaint against her father without prejudice.

On May 13, 1994, Casey refiled her complaint against her father, with allegations that her continuing history of depression and substance abuse prevented her from filing her complaint within one year of having recalled the abuse. She averred that she was of "unsound mind," a condition that tolled the statute of limitations until this disability was removed. Casey also added two negligence claims against her mother for failing to prevent the abuse.

The mother and father filed a joint motion to dismiss and/or for summary judgment, arguing that their daughter's claims were time-barred by the one-year statute of limitations for sexual abuse cases and the two-year statute of limitations for negligence claims. The parents argued that, at worst, the applicable statutes commenced to run at the time Casey related memories of the alleged

sexual abuse to her counsellor in October 1988. Since Casey did not commence suit against her father until April 16, 1993 and her mother until May 13, 1994, her parents claimed that the applicable statutes of limitation barred the action. The mother alternatively argued that she owed no duty to her daughter to protect her from the father.

Casey responded to the motion, arguing that she did not recall the sexual abuse until April 1991 after she was assaulted by a patient at work and that her unsound mind at the time prevented her from filing within the statute of limitations. It was not until November 1992, Casey argues, that she was able to seek legal redress against her parents for her claimed injuries. The trial court granted the motion for summary judgment, without opinion.

## II

The standard for reviewing the granting of a summary judgment is aptly set forth in *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 658–659, 612 N.E.2d 1295, 1297, as follows:

"Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party * * *.

*"Once summary judgment is requested, the responding party must set forth specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof.* Mere reliance upon the pleadings is insufficient * * *. The issue to be tried must also be genuine, allowing reasonable minds to return a verdict for the nonmoving party * * *. Further, a plaintiff may not rest upon mere allegations, but must set forth specific facts which show there is an issue for trial." (Citations omitted and emphasis added.) See, also, *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099 (adopting Fed.R.Civ.P. 56 summary judgment standard set forth in *Celotex Corp. v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265).

### A

Claims Against the Father

Initially, we must address which statute of limitations applies to Casey's claims against her father. All of her claims against her father are premised upon

834

the father's alleged sexual abuse.  In *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, the Ohio Supreme Court held, at paragraph one of the syllabus, that a cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery. See, also, *Stewart v. Kennedy* (1994), 70 Ohio St.3d 536, 639 N.E.2d 790.

The next question for our consideration is when the cause of action accrued in this case.  The Ohio Supreme Court has held that when a victim of childhood sexual abuse represses memories of that abuse, the statute of limitations is tolled until the victim recalls or otherwise discovers the sexual abuse or when, through the exercise of diligence, the victim should have discovered the sexual abuse.  *Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870, paragraphs one and two of the syllabus.  Under the discovery rule, constructive knowledge of the facts rather than actual knowledge of their legal significance is enough to start the statute of limitations running.  See *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 549, 589 N.E.2d 1284, 1287.

To support the contention that their daughter recalled the alleged sexual abuse as early as October 1988, the parents attached excerpts from the deposition testimony of their daughter and psychologist Donna K. Rumenik, Ph.D, along with Rumenik's treatment notes and patient summary, to their motion for summary judgment.

Casey's deposition testimony, as well as the notes and patient summary prepared by Rumenik, indisputably demonstrates that Casey discussed the alleged sexual abuse during a counselling session with Rumenik on October 22, 1988.  In Rumenik's treatment summary, she reported the following:

"The main focus of Holly's work centered on her own sexual abuse as a child. In discussing her childhood, Holly stated her 'father was the culprit.'  She stated he had taken baths with her from age 3 or 4 to age 6.  She further stated in her reporting that her father would fondle her on these occasions.  One recollection of her childhood that stands out is that of her father trying to be alone with the 'girls' at home.  * * * She had stated that her father went from hands on contact to more subtle sexual verbalizations.  * * *"

During her deposition, Casey acknowledged telling Rumenik about the baths, fondling and leering.  In fact, Casey acknowledged telling Rumenik that she realized some time before their counselling session in October 1988 that her father's alleged behavior in these regards was inappropriate.

Casey also testified that during this same time frame, 1988, she likewise told her lover, Alana Clampitt, and her friend, Luann Olivo, that she had been molested as a child by her father.  Casey further admitted relating claims of

sexual abuse by her father to Dr. Jean Bergren during treatment in November 1988.

Because the above evidence was not refuted by Casey, no question of material fact existed concerning when Casey recalled the alleged sexual abuse. The evidence presented by the parents demonstrates that she knew of the alleged abuse in October 1988.

Casey argues, however, that her mental condition in October 1988 prevented her from filing her cause of action within one year of her recollection of the alleged sexual abuse. She contends that the one-year statute of limitations was, therefore, tolled by operation of R.C. 2305.16 until November 1992, when her disability was removed.

Hence, we must determine whether Casey submitted evidence of her alleged "unsound mind" to toll the one-year statute of limitations, by operation of R.C. 2305.16,[1] sufficient to defeat the summary judgment motion.

R.C. 1.02(C) defines "unsound mind" to include "all forms of mental retardation or derangement." In *Fisher v. Ohio Univ.* (1992), 63 Ohio St.3d 484, 589 N.E.2d 13, the Ohio Supreme Court equated unsound mind with insanity and stated, "A nebulous assertion of emotional distress does not create an issue of fact concerning unsound mind." *Id.* at 488, 589 N.E.2d at 16. While any otherwise admissible evidence may be used to establish entitlement to tolling, *Bradford v. Surgical & Med. Neurology Assoc., Inc.* (1994), 95 Ohio App.3d 102, 106, 641 N.E.2d 1177, 1180, "[a] general claim of disability, absent specific details, will not toll the time for the running of the statute of limitations." *Kotyk v. Rebovich* (1993), 87 Ohio App.3d 116, 120, 621 N.E.2d 897, 900. Hence, "mere evidence of alcoholism and drug abuse, without more, is insufficient to establish an 'unsound mind' * * *" for purposes of the tolling statute. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 492, 609 N.E.2d 1272, 1275.

To support her contention that she was of "unsound mind" in October 1988 through November 1992, Casey submitted, *inter alia,* her own affidavit as well as the affidavits of Alana Clampitt and clinical psychologist Deborah Koricke and the deposition testimony of her brother and sister.

Beginning with the affidavit of Koricke, we find the affidavit fails to create an issue of fact concerning Casey's ability to bring this action within the statute of

---

1. R.C. 2305.16 provides as follows:

   "[I]f a person entitled to bring any action mentioned in those sections * * * is, at the time the cause of action accrues, within the age of minority or *unsound mind,* the person may bring it within the respective times limited by those sections, after the disability is removed. * * *" (Emphasis added.)

limitations. At her deposition, Koricke testified that she initially prepared a report which contained an opinion as to the likelihood and cause of sexual abuse. About one month later, counsel for Casey contacted Koricke, told her of the first dismissal and asked her to address the issue of the soundness of Casey's mind. Koricke recalled having prepared a similar report in another case (*McKay v. Cutlip, supra*) and prepared an identical statement. The entire addendum states:

"It is my opinion that Holly Casey was of unsound mind and under a mental disability which prevented her from being able to look into her affairs, properly consult with counsel, prepare and present her case, and assert and protect her rights in a court."

Where an affidavit containing opinions is made part of a motion for summary judgment, it is properly considered by a trial or reviewing court when it meets the requirements of Civ.R. 56(E).

Civ.R. 56(E) requires that supporting and opposing affidavits be made on the personal knowledge of the affiant and set forth facts that would be admissible in evidence. Koricke's affidavit fails to satisfy either of these requirements. Not only did Koricke lack personal knowledge of Casey's state of mind at the time the cause of action accrued, she did not rely on any other admissible evidence to reach her conclusion that "Ms. Casey was of unsound mind and under a mental disability which prevented her from being able to look into her affairs, properly consult with counsel, prepare and present her case, and assert and protect her rights in a court" in October 1988.

Koricke's affidavit also does not disclose any underlying facts which provide a basis for her opinion regarding the soundness of Casey's mind during the relevant time frame. Evid.R. 705; *State v. Chapin* (1981), 67 Ohio St.2d 437, 21 O.O.3d 273, 424 N.E.2d 317, paragraph two of the syllabus. While her affidavit incorporates her report, the report itself contains no facts specifically relating to the soundness of Casey's mind and her ability to seek legal redress for her claimed injuries from the time she recovered her memory of abuse. The report describes Casey's then-current emotional state, but that description is irrelevant for the purpose of ascertaining her mental soundness at the time the cause of action accrued in October 1988. Moreover, while the evidence does contain Casey's "history," compiled from records of other medical providers, those records were not made part of Koricke's report so they could not properly form the basis of an opinion. *Bechtel v. England* (1993), 87 Ohio App.3d 348, 351, 622 N.E.2d 374, 375.

▮ Nor can we find that the deposition testimony and records of Rumenik raise a material issue of fact. Although Casey's treatment history shows she

suffered from depression and substance abuse, this history does not show her inability to timely commence this action during the relevant time frame. Beginning in October 1988, Casey saw Rumenik for eighteen months. Rumenik diagnosed Casey with major depression, recurrent; however, Rumenik's treatment summary goes no further. A general diagnosis of major depression, without more, is insufficient to establish unsound mind for purposes of tolling the statute of limitations. Cf. *Kotyk v. Rebovich, supra; McKay v. Cutlip, supra.*

Neither do Casey's own affidavit and deposition testimony raise a material issue of fact as to whether she was of unsound mind at the time the cause of action accrued in October 1988. Casey's affidavit states that she was undergoing psychological counselling for depression between October 1988 and December 1989 and was taking the prescription drug Prozac for her depression, but she said that the Prozac helped her depression. While, admittedly, Casey said she "still had problems in [her] relationships with other persons and in attendance and performance" where she worked, despite the Prozac, this court cannot hold that such general allegations, construed most favorably for Casey, are sufficient to raise an issue of fact of the existence of a disabling condition which meets the requirements of R.C. 2305.16. Depression is not synonymous with unsound mind, and it was Casey's burden to set forth specific facts demonstrating that an issue for trial existed.

Finally, Casey argues that the affidavit of Alana Clampitt presents an issue of unsoundness of mind during the relevant time frame. Clampitt stated in her affidavit that "Holly's depression continued despite the prozac. Her depression began to effect [*sic*] her work at University Hospital and she began to make errors at work. Our relationship was also effected by a tension created by Holly's constant demand for sex." These assertions are not sufficiently probative to create a triable issue of fact. Reasonable minds could not conclude—based upon these brief statements and Casey's statements in this regard—that Casey satisfied the requirements of the tolling statute.

Consequently, we find the trial court did not err by granting summary judgment for the father since Casey failed to show the existence of a material issue of fact concerning whether she was statutorily of unsound mind between October 1988 and October 1989, for purposes of the tolling statute.

## B

### Claims Against the Mother

Casey does not dispute that the negligence claims against her mother are governed by the two-year statute of limitations set forth in R.C. 2305.10. See *Doe v. First United Methodist, supra,* 68 Ohio St.3d at 537, 629 N.E.2d at 407.

As Casey failed to present evidentiary materials demonstrating a triable issue of fact as to whether she was statutorily of "unsound mind" at the time the cause of action accrued, October 1988, we cannot but conclude that her claims against the mother are time-barred as well since they were filed well beyond October 1990.

### III

Our disposition of the first assignment of error necessarily moots consideration of the second assigned error.

*Judgment affirmed.*

SPELLACY, C.J., and O'DONNELL, J., concur.