MOORE, Appellant,

v.

SCHIANO, Appellee.

[Cite as *Moore v. Schiano* (1997), 117 Ohio App.3d 326.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70573.

Decided Jan. 6, 1997.

*William M. Crosby* and *Nancy A. Kelly*, for appellant.

*Joel Nash*, for appellee.

O'DONNELL, Judge.

Carolyn M. Moore appeals from a decision of the common pleas court granting summary judgment in favor of Angelo Gabriel Schiano on her claims for sexual assault and battery, breach of fiduciary duty (*in loco parentis*), and intentional and negligent infliction of emotional distress, arising out of incidents which are alleged to have occurred between 1972 and 1980.

In her November 22, 1994 complaint, Moore identified Angelo Schiano as the then thirty-eight-year-old father of her childhood friend, Rhondi Simpson, who attacked, molested, raped, and abused her at the age of twelve, and continued to do so on a weekly basis for eight years. She further alleged in her complaint that she had repressed the memories of this conduct until recently, but she admitted in her deposition that this was not a case of repressed memory, but rather as further alleged in her complaint, that she has been, "of unsound mind, *i.e.,* psychologically disabled from bringing this lawsuit, having not been, until recently, able to inquire into her own affairs, consult with an attorney, obtain evidence, and participate in litigation."

In his answer to the complaint, Schiano denied the allegations, and then moved for summary judgment asserting that all claims are barred by the statute of limitations, which has not been tolled in this case. The trial court granted that motion in a well-reasoned eleven-page opinion.

Moore now appeals from that ruling and has assigned three errors for our review. Here, because the first two assignments of error concern the application of the legal standard of unsound mind to the statute of limitations disability tolling provisions in R.C. 2305.16, we shall consider them together.

The first assignment of error states:

"The trial court erred as a matter of law by incorrectly applying the legal standard which defines unsound mind disability addressed in Ohio Revised Code § 2305.16."

The second assignment of error reads:

"The trial court erred in granting appellee's motion for summary judgment by improperly applying the standard for review for considering a motion for summary judgment."

Moore urges that a question of fact is presented sufficient to defeat the motion for summary judgment because evidence supports the claim that the condition of unsound mind existed at the time her cause of action accrued.

Appellee Schiano believes that the trial court correctly granted summary judgment in this case because Dr. Koricke's affidavit is not based on personal knowledge; because Moore has not met the appropriate burden of proof; because this is not a repressed memory case; and because the court's decision follows established case law. Civ.R. 56(C) authorized the grant of summary judgment when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140.

Further, Civ.R. 56(E) states:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated thereon."

The Ohio Supreme Court, in evaluating the burden of the nonmoving party on a summary judgment motion, stated:

"If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274.

We note that in *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, the court held in paragraph one of its syllabus:

"A cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery."

And R.C. 2305.16 provides in part that if a person is within the age of minority at the time a cause of action accrues, it may be brought within the respective times after the disability is removed.

Thus, Moore believes that since she was within the age of minority at the times she was attacked, and was of unsound mind thereafter, the trial court erred in granting summary judgment.

In *Bowman v. Lemon* (1926), 115 Ohio St. 326, 154 N.E. 317, the court held in paragraph three of the syllabus:

"Where a plaintiff claims to have been of unsound mind at the time a cause of action accrues, * * * plaintiff has the burden of proving that he was suffering from some species of mental deficiency or derangement * * *; such issue should be submitted to the jury * * *."

Moore claims, therefore, that the trial court impermissibly weighed evidence in this case because she believes that a jury question exists. We observed that in *Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870, and in *Gearing v. Nationwide Ins. Co.* (1995), 76 Ohio St.3d 34, 665 N.E.2d 1115, the Supreme Court recognized the trauma suffered by victims of these tragic assaults. Despite these traumatic effects, the law does not relieve a party from meeting its burden of proof on summary judgment due to injury, physical or mental.

Here, when confronted with the motion for summary judgment, Moore responded with an affidavit from Deborah Koricke, Ph.D., which, on its face, does not contain sufficient data to reflect that it was based upon personal knowledge sufficient to overcome the one-year statute of limitations problem because Dr.

Koricke states that she met Moore only in April 1995. Rather, that affidavit is based upon mere conjecture and is beyond the personal knowledge of the affiant. Hence, it is insufficient to create a genuine issue of material fact on the issue of the statute of limitations.

In addition, Dr. Koricke's diagnosis that Moore suffered from post-traumatic stress disorder that rendered her of unsound mind "until recently" does not clarify *when* Moore's disability was removed so as to recommence the statute of limitations.

In *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 609 N.E.2d 1272, the court there stated that "[t]he plaintiff must also demonstrate that his or her condition *continually* prevented the timely prosecution of the lawsuit." (Emphasis added.)

The difficulty, of course, in this case is that the evidence presented for consideration does not suggest or support Moore's contention that her condition of unsound mind continually existed so as to prevent her from filing this suit after she reached majority until she reached the age of thirty-three. To the contrary, in her deposition she referred to her attendance at Ohio University, Hiram College, and Ursuline College during this time.

In *Detweiler v. Slavic* (Dec. 15, 1994), Cuyahoga App. No. 66718, unreported, 1994 WL 706151, this court considered the same limited diagnosis, rendered by the same psychiatrist, on the same issue, and stated at 5:

"Nonetheless, we are unable to conclude that such statement creates a genuine issue of material fact as to whether plaintiff was statutorily 'unsound mind' for a period of time which would in fact render this action timely filed."

Likewise, the court in *Hogle v. Harvey* (Oct. 2, 1995), Ashtabula App. No. 94–A–005, unreported, reached the same conclusion regarding the same conclusion rendered by the same psychologist, Dr. Koricke, and stated at 9:

"[T]his statement of 'until recently' is insufficient to demonstrate that appellant became of sound mind within one year prior to the filing date of her complaint."

Thus, even if Dr. Koricke's affidavit is construed most strongly in favor of Moore as we are required to do under Civ.R. 56, it fails to demonstrate that Moore was of unsound mind as of November 1993, one year prior to the November 22, 1994 filing of the complaint in this case. We have also considered Moore's own affidavit, wherein she states that she was "in March, 1994, first able to deal with and face the abuse I had suffered from Defendant." While Moore contends that this statement is sufficient to demonstrate that she was of unsound mind until March 1994, she is not competent to render a psychological diagnosis. See *Bechtel v. England* (1993), 87 Ohio App.3d 348, 622 N.E.2d 374. Moore's

"self-diagnosis" cannot be used to supply a date to a clinical diagnosis lacking such specific information.

Therefore, because Moore failed to meet the burden of proof required of a nonmovant against whom a motion for summary judgment has been properly filed and supported, the trial court properly granted summary judgment in Schiano's favor, and these assignments of error are overruled.

■ The third assignment of error states:

"The trial court erred in not finding that the doctrine of equitable estoppel barred appellee from the benefit of a statute of limitations defense."

Moore believes that the trial court erred in not finding that the doctrine of equitable estoppel denied Schiano the benefit of the statute of limitations defense because he so psychologically damaged her so as to render her incapable of bringing her claim in a timely fashion.

Schiano argues that the trial court properly decided that the doctrine of equitable estoppel did not apply because Moore presented no evidence that any conduct or statement by Schiano misled her or prevented her from bringing her action.

The issue, then, for our determination, is whether the trial court properly concluded that the doctrine of equitable estoppel does not apply.

■ The doctrine of equitable estoppel may be employed to prevent a defendant from asserting an otherwise valid right. *Lewis v. Motorists Ins. Cos.* (1994), 96 Ohio App.3d 575, 645 N.E.2d 784. In order to determine whether the doctrine should prevent Schiano from using the statute of limitations defense, we examine the *prima facie* elements of the doctrine. In order to establish equitable estoppel, a plaintiff must demonstrate (1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) that the misrepresentation induced actual reliance which is reasonable and in good faith; and (4) that the reliance caused detriment to the relying party. *Doe v. Blue Cross/Blue Shield of Ohio* (1992), 79 Ohio App.3d 369, 607 N.E.2d 492.

In this case, Moore attempted to demonstrate the application of the doctrine of equitable estoppel by showing that Schiano so psychologically disabled her that he effectively prevented her from bringing her claims. However, these assertions, without more, do not prove the required elements of equitable estoppel. Accordingly, the trial court properly refused to apply the doctrine of equitable estoppel, and this assignment of error is overruled.

*Judgment affirmed.*

MATIA, P.J., and DYKE, J., concur.