JOURNAL ENTRY AND OPINION
Kenneth Dobos appeals from a decision of the common pleas court granting summary judgment in favor of Community Insurance Company, thereby denying his claims for breach of contract, negligence, fraud and bad faith when Community canceled his health insurance policy for non-payment of premium. On appeal, he urges the court erred when it granted summary judgment because he asserts Community should be estopped from cancelling his policy because of the course of conduct between the parties demonstrating Community's acceptance of late payments and his belief that it canceled his policy because he had suffered two heart attacks. Having determined that no genuine issues of material fact are in dispute and that Community is entitled to judgment as a matter of law, we affirm the judgment of the court.
The record reflects Dobos applied for health insurance and became an insured of Community Insurance Company dba Anthem Blue Cross and Blue Shield on April 27, 1994. That policy permitted Community to cancel the policy for non-payment of premiums. The history of dealings between the parties reveals that Dobos consistently paid his premium payments late, and at times, made payments of only half the amount on the invoices or that he failed to tender payment. There is no evidence to suggest, however, that he ever made or attempted to make a premium payment after he had received a notice that his policy had in fact been cancelled. In the circumstance presented to us in this appeal, it appears that Dobos received a premium invoice indicating payment due on December 27, 1996. When he failed to pay by that date, Community sent a cancellation notice on January 13, 1997, advising him that the policy would be cancelled on January 26, 1997, if he did not pay the premium by that date. Dobos failed to respond and Community thereafter cancelled his policy. On February 14, 1997, however, Dobos tendered a partial payment of that premium in the amount of $187.89, which Community automatically cashed. However, because the policy had been cancelled, Community refunded the money to him. Dobos then requested reinstatement of his policy on February 25, 1997, but Community denied that request.
On December 31, 1998, Dobos filed a complaint against Community Insurance Co. and Anthem Brokerage Corporation, alleging breach of contract, negligence, fraud, and bad faith, contending that Community cancelled his insurance because of his history of heart problems. Following discovery, Community moved for summary judgment on the basis that the contract language permitted cancellation for non-payment of premiums in instances where prior notice of the intent to cancel had been given. In response, Dobos filed a cross-motion for summary judgment arguing estoppel based on Community's course of conduct in accepting his late payments.
On October 18, 1999, the trial court granted summary judgment in favor of Community and denied Dobos' motion. Dobos now appeals and sets forth seven assignments of error for our review. Assignments of error one, two, four and five will be addressed together, as they concern similar issues. They state:
 I. THE TRIAL COURT ERRED IN REFUSING TO RECOGNIZE COMMUNITY INSURANCE'S AND/OR ANTHEM'S FRAUDULENT BEHAVIOR.
 II. THE TRIAL COURT ERRED BECAUSE IT FAILED TO RECOGNIZE COMMUNITY INSURANCE AND ANTHEM'S BREACH OF ITS' CONTRACT WITH MR. DOBOS.
 IV. THE TRIAL COURT ERRED BECAUSE IT FAILED TO RECOGNIZE THAT THE POLICY IS WROUGHT WITH AMBIGUITIES, WHICH SHOULD HAVE BEEN CONSTRUED IN FAVOR OF MR. DOBOS, WHO HAD NO PART IN THE FAULTY DRAFTSMANSHIP. THE MISLEADING POLICY, APPLICATION AND BROCHURE PROVIDED TO MR. DOBOS BY APPELLEES STATE THAT MR. DOBOS' COVERAGE WAS INSURANCE FOR ONE AND THE POLICY IS INDETERMINATE ON TIMELINESS OF PAYMENT IN ITSELF AND AS A REASON FOR CANCELLATION.
 V. THE TRIAL COURT ERRED BECAUSE IT FAILED TO RECOGNIZE THAT COMMUNITY INSURANCE AND ANTHEM ACTED IN BAD FAITH AND/OR NEGLIGENTLY BY CANCELING AND/OR REFUSING TO REINSTATE MR.
 DOBOS' POLICY AFTER MR. DOBOS REQUESTED THAT THEY REVIEW HIS PAYMENT HISTORY.
Dobos essentially asserts the court erred in granting summary judgment on his claims of fraud, breach of contract, negligence, and bad faith and Community urges us to reject these assertions.
Thus, we are concerned with whether the court properly granted summary judgment on the claims of fraud, breach of contract, negligence and bad faith.
Pursuant to Civ.R. 56, summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280 stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
The claim of fraud asserted here is based on a belief that Anthem cancelled this policy as a result of a heart condition suffered by Dobos. In order to establish a prima facie case of fraud, a party must show: (1) a false representation concerning a fact; (2) knowledge of the falsity of the representation or utter disregard for its truthfulness; (3) intent to induce reliance upon representation; (4) justifiable reliance upon the representation; and (5) injury proximately caused by the reliance. Gaines v. Preterm-Cleveland Inc.(1987), 33 Ohio St.3d 54; Beder v. Cleveland Browns, Inc. (1998), 129 Ohio App.3d 188.
During his deposition, Dobos stated that he believed Community cancelled his policy due to the fact that he had suffered two heart attacks, but failed to provide any evidence to support his belief in this regard. Dobos did admit that Anthem paid the claims for the first heart attack and that he had not filed any claims for the second heart attack prior to his policy being cancelled. However, Bobbie O'Brien, a senior underwriter with Anthem, stated during her deposition that Anthem cancelled the policy due to Dobos' failure to pay the premium and that his heart condition had not been a factor in its decision to cancel the policy.
A review of the original pleadings on the summary judgment reveals that Dobos failed to contest the evidence offered by Anthem that its basis for cancellation of his insurance policy had been due to his failure to pay the premium. Furthermore, Dobos failed to evidence the elements of a prima facie case of fraud. Thus, in accordance with Dresher, the trial court properly granted summary judgment on this fraud claim.
Regarding Dobos' claim for breach of contract, we note that the pertinent language of the policy states:
How and When Your Coverage Stops
 * * * When the Certificate Holder does not pay the required premium, coverage stops for all Covered Persons at the end of the period for which premium was paid.
* * *
 Premiums Premiums are due and payable in advance in the manner we have prescribed. * * *.
Cancellation and guaranteed renewal
* * *
 We will not cancel or non-renew your Certificate for any reasons except:
 non-payment of premium, fraud, or misrepresentation; * * * (Bold in the original)
Based on this language, Community reserved the right to cancel the policy for non-payment of premiums, and in accordance with the language, after sending a cancellation notice, Community cancelled this policy on January 26, 1997 because Dobos failed to pay the December 27, 1996 premium.
After review, we have concluded the trial court properly granted summary judgment on this claim. Anthem has evidenced its reasons for cancellation and Dobos has not, as Dresher requires, challenged the evidence offered. Accordingly, the trial court properly granted summary judgment on this claim.
Regarding the claim by Dobos that Community negligently cancelled his policy, we note that in Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, the court stated:
 To establish a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom.
Citing the terms of the contract, Dobos claims that Anthem owed a duty not to cancel the policy. Nothing contained in our record, however, suggests that any duty had been breached. We recognize that, in accordance with Menifee a party must present evidence as to each element of negligence. Our review of this claim reveals that Dobos has failed to establish breach of any duty by Community and has failed to present a prima facie case of negligence against Community.
On his claim that Community cancelled his policy in bad faith, Dobos also fails because he did not offer any evidence in support of this claim. Where, as here, no genuine issues of material fact remain that the policy had been cancelled for non-payment of the premium, reasonable minds could only conclude that Community had not breached a duty to continue the contract of insurance. Zoppo v. Homestead Ins. Co. (1994),71 Ohio St.3d 552. Therefore, the court properly granted summary judgment and Community is entitled to judgment as a matter of law on the bad faith claim.
Accordingly, these assignments of error are not well taken.
 III.
THE TRIAL COURT ERRED BECAUSE IT FAILED TO RECOGNIZE MR.
 DOBOS' ENTITLEMENT TO A THIRTY-ONE (31) DAY GRACE PERIOD REQUIRED BY OHIO REVISED CODE SECTION 3923.04 BECAUSE, AT THE TIME APPELLEES CANCELED MR. DOBOS' POLICY, THE POLICY PERIOD WAS TWO (2) MONTHS AND THE APPELLEES HAD PREVIOUSLY EXTENDED THE POLICY PERIOD ON MR. AND MRS.
 DOBOS' POLICIES FROM TWO (2) TO THREE (3) MONTHS ON OVER FIFTY (50) OCCASIONS DURING THE TIME OF THEIR COVERAGE WITH THE APPELLEES.
Here, Dobos asserts the court erred when it granted summary judgment because he maintained a genuine issue of material fact existed regarding whether his payments had been made within what he believed to be a thirty-one day grace period provided by statute. Community maintains that the statute is inapplicable in this instance, and further asserts that even if a grace period applied, Dobos tendered his premium payments after his policy had expired.
R.C. 3923.04(C) provides in part:
 A provision as follows: Grace period. A grace period of . . . days will be granted for the payment of each premium falling due after the first premium, during which grace period this policy shall continue in force.
 The insurer shall insert in the blank space in the policy provision in division (C) of this section a number not smaller than seven for weekly premium policies or ten for monthly premium policies * * *. (emphasis added).
A review of Dobos' application for insurance dated April 15, 1994, indicates that he agreed to be billed directly each month for the premium owed, and he correctly asserts that a grace period is provided by statute. However, the statute specifies that the insurer is identified as the party who shall designate the length of the grace period and further provides for a ten day grace period, not a thirty-one day grace period as Dobos believes. A review of his payment history reveals that he had tendered premium payments beyond the ten day grace period on several occasions and tendered payment of the December 27, 1996 premium after the policy had been cancelled. Our review, therefore, reveals that there are no genuine issues of material fact presented by the issue of the grace period and/or receipt of premium payments. Based on R.C. 3923.04(C), Community is entitled to judgment as a matter of law. Accordingly, this assignment of error is not well taken.
 VI. THE TRIAL COURT ERRED BECAUSE IT FAILED TO RECOGNIZE MR. DOBOS' EQUITABLE CLAIM.
Dobos alleges the court erred in granting summary judgment on his claim of estoppel because he urges that he has a history of tendering late payments and Community has a history of accepting these payments and maintaining his policy in effect. Community maintains, however, that it notified him of a cancellation date and further, that he failed to timely tender payment until after the cancellation date and after Community had actually cancelled his policy. Accordingly, Community asserts Dobos failed to establish a prima facie case of estoppel.
Thus, we are concerned with whether Community's course of conduct in accepting late premium payments estopped it from cancelling Dobos' policy in this instance.
In Moore v. Schiano (1997), 117 Ohio App.3d 326, this court stated:
 To show a prima facie case for application of equitable estoppel, a plaintiff must show that (1) the defendant made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance which is reasonable and in good faith, and (4) which causes detriment to the relying party.
Further, the court stated in Pedler v. Aetna Life Insurance (1986),23 Ohio St.3d 7, citing, 42 Ohio Jurisprudence 3d (1983) 109 110, Estoppel and Waiver, Section 66:
 * * * [I]t is essential to the application of the principles of equitable estoppel that the person claiming to have been influenced by the conduct or declarations of another party to his injury should have been destitute of knowledge of the facts, or at least * * * of any convenient and available means of acquiring such knowledge, for if he lacks such knowledge he is bound to exercise reasonable diligence to obtain it.
 Obviously, a party who acts with full knowledge of the truth has not been misled and cannot claim estoppel.
 Hence, there can be no estoppel where the party claiming it is chargeable with knowledge of the facts, as where he either knows the facts or is in a position to know them or the circumstances are such that he should have known them; or where the circumstances surrounding the transaction are sufficient to put a person of ordinary prudence on inquiry which would have disclosed the facts; * * *. (Emphasis added.)
See also, Gulyas v. Blue Cross Blue Shield of Ohio Cuyahoga County App. No. 56502 (January 25, 1990), unreported, where the court affirmed the granting of summary judgment in favor of Blue Cross and stated that as a matter of law, the plaintiff had been chargeable with knowledge that failure to pay premiums would void the coverage.
The record before us reveals that on numerous occasions, Dobos admitted receiving cancellation notices but reflects that he tendered payment on those occasions prior to the cancellation date specified in those notices. Community cancelled this policy because he tendered payment in the final instance after the policy had in fact been cancelled. This, it appears, is the first time his payment had been received after the policy had actually been cancelled. Further, Dobos admits that he never contacted Community to determine whether a grace period existed, whether his account had been current, or why he had been receiving cancellation notices. Nor has Dobos directed our attention to any false or misleading representations made by Community that caused him to rely to his detriment. Therefore, Dobos failed to establish a prima facie case of estoppel and we have concluded that court did not err in granting summary judgment on this claim. Accordingly, this assignment of error is overruled.
 VII. THE TRIAL COURT ERRED IN GRANTING APPELLEES' SUMMARY JUDGMENT REQUEST BECAUSE IT FAILED TO RESOLVE MATERIAL QUESTIONS OF FACT DISPUTED BY THE APPELLEES AND MR. DOBOS.
As this assignment of error is a generic compilation of the preceding assignments which we have already addressed, we find it to be without merit and it is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and JAMES M. PORTER, J., CONCUR
 ___________________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE