Howard **BITTNER**, Plaintiff–Appellant,

v.

Reginald A. **WILKINSON**, Director; Cheryl Jorgensen–Martinez, Chief Institutional Inspector; Antonio E. Lee, Institutional Inspector; John Morrison, Major, Mary Minor, Sgt.; Doe Guards, Mansfield Correctional Institution Cell Extraction Team Defendants–Appellees.

No. 00–3848.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

## ORDER

Howard Bittner, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Bittner sued Ohio Department of Rehabilitation and Corrections Director Reginald Wilkinson; Institutional Inspectors Cheryl Jorgensen–Martinez and Antonio E. Lee; Mansfield Correctional Institution ("Mansfield") Major John Morrison; Mansfield Sergeant Mary Minor; and six unnamed Mansfield "Guards Doe." Bittner alleged that: (1) Minor failed to protect him from being raped by another inmate in November 1994; (2) Morrison retaliated against him in 1998 by placing him in segregation, raising his security status, and ordering unnamed guards to beat him; (3) the defendants failed to protect him from assaults by prison staff and other inmates; (4) the guards inflicted cruel and unusual punishment upon him when they extracted him from his cell; and (5) the guards assaulted him in violation of Ohio law. The magistrate judge recommended that the complaint be dismissed for failure to exhaust administrative remedies and for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). The district court adopted the magistrate judge's report over Bittner's objections and dismissed the case with prejudice.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). See Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir.1998).

■■■ Upon review, we conclude that the district court properly held that Ohio's statute of limitations barred Bittner's failure to protect claim. See Wilson v. Garcia, 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Bittner's claim accrued when the rape occurred, in November 1994. See Collyer v. Darling, 98 F.3d 211, 220 (6th Cir.1996). Bittner filed his first complaint, which was dismissed without prejudice for failure to exhaust administrative remedies, in September 1997. He filed the current action in March 1999. Both complaints were well past Ohio's two-year statute of limitations for § 1983 claims. See Ohio Rev.Code Ann. § 2305.10; Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Bittner's argument that he was taking medicine for severe depression at the time of the November 1994 attack and was mentally incompetent thereafter are insufficient to establish that he was of unsound mind either at the time his cause of action accrued or thereafter. First, "[a] general diagnosis of major depression, without more, is insufficient to establish unsound mind for purposes of tolling the statute of limitations." Casey v. Casey, 109 Ohio App.3d 830, 673 N.E.2d 210, 214 (Ohio Ct.App.1996). Second, Bittner did not allege that he was adjudicated as being of unsound mind or that he was institutionalized or hospitalized for a diagnosed disease or condition. See Ohio Rev.Code Ann. § 2305.16; Bradford v. Surgical & Med. Neurology Assoc., Inc., 95 Ohio App.3d

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

102, 641 N.E.2d 1177, 1180 (Ohio Ct.App. 1994).

■ We also agree with the district court that Bittner's complaint failed to state a claim against Wilkinson, Lee, and Jorgensen–Martinez. Bittner did not allege that any of these three defendants played a direct role in the attacks or retaliation against him. Moreover, his charge that Lee and Jorgensen–Martinez denied or disregarded his grievances over these incidents fails to state a § 1983 claim. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999), *cert. denied,* 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000). The defendants did not encourage the specific incidents of misconduct or in any other way directly participate in them, and they cannot be held liable solely upon the basis of respondeat superior. *See Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995).

■ We next conclude that the district court properly held that Bittner failed to exhaust his administrative remedies with respect to his claims that he was assaulted by unknown guards in 1998. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). When Bittner filed the present action in March 1999, he failed to comply with the requirement that he attach the administrative dispositions of these claims. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). However, these claims should have been dismissed without prejudice. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

■ The district court improperly held that Bittner failed to exhaust his retaliation claim against Morrison. Although Bittner did not attach any grievances to his complaint, he did attach a copy of an administrative appeal to his objections to the magistrate judge's report and recommendation. The appeal addresses Bittner's retaliation allegations from 1998, so he exhausted his remedies regarding this claim. The district court should consider this claim on remand.

Finally, Bittner alleged a state law assault claim against the unknown guards. The district court declined to exercise jurisdiction over this claim because the court found no basis for federal jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because we are vacating the district court's dismissal of Bittner's claim against Morrison, the district court may reconsider Bittner's state law claim on remand.

For the foregoing reasons, this court vacates the district court's dismissal of Bittner's retaliation and state law claims, directs the district court to dismiss without prejudice Bittner's claim that he was assaulted by prison guards, affirms the district court's dismissal of all other claims, and remands the case for further proceedings consistent with this opinion. Rule 34(j)(2)(C), Rules of the Sixth Circuit.