{¶ 83} I respectfully dissent. I would affirm the trial court's granting of summary judgment based on one key factor. As the majority acknowledges, in January 2004, Monique filed a complaint with the State Board of Psychology alleging sexual and professional misconduct by Grossman. *Page 30 
 {¶ 84} The majority finds that there are issues of fact regarding whether Monique was of unsound mind during her studies at Oberlin, at the time of her graduation, and at the time she flew to France and set up her residence there. She traveled by train, studied piano, and maintained a bank account in France from 2001 to 2002.
 {¶ 85} Reasonable minds can reach only one conclusion — that Monique was of sound mind, capable of completing college courses at Oberlin and traveling abroad to study music in 2001 and 2002. She had the soundness of mind to file a complaint with the State Psychology Board in January 2004. Therefore, I would find as a matter of law that her complaint in the instant case, filed in February 2005, is not timely.
 {¶ 86} Furthermore, I would follow our decision in Casey v. Casey
(1996), 109 Ohio App.3d 830, which involved a similar attempt to toll the statute of limitations by claiming unsound mind. We affirmed the granting of summary judgment for the defendants and rejected plaintiff's claim of unsound mind because the psychologist's affidavit showed a lack of personal knowledge of the plaintiff's state of mind at the time the cause of action accrued. Id. at 836.
 {¶ 87} Likewise, Dr. Conomy's conclusion that Monique was in a "psychotic state from the Fall of 1999 through January 2003" is not based on any personal knowledge of her state of mind at the time the cause of action accrued in March 2001. Monique testified about her activities in 2001, graduating from Oberlin, flying *Page 31 
to France to study piano, traveling by train in Europe, living on her own and maintaining a bank account in France. Just as we found that depression is not synonymous with unsound mind in Casey, supra at 837, bipolar disorder is also not synonymous with unsound mind. Reasonable minds could not conclude that Monique satisfied the requirements for tolling the statute. Therefore, I would affirm *Page 1