[Cite as *Anadell v. Office of Pub. Defender*, 2012-Ohio-6355.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELAINE ANADELL, Exec.

     Plaintiff

     v.

OFFICE OF THE OHIO PUBLIC DEFENDER

     Defendant

Case No. 2010-06966

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiff Elaine Anadell brought this action as the executor of the estate of James Anadell alleging breach of contract.[1] The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} Anadell was employed with defendant, the Office of the Ohio Public Defender (OPD) from May 26, 1994 to April 2, 2007. Anadell began his employment with OPD as a law clerk and he was eventually promoted to the position of supervisor of OPD's prison legal services section. During his term of employment, Anadell experienced health problems arising from chronic alcoholism.

{¶ 3} Kevin Ware, M.D., testified that beginning on November 16, 2006, he treated Anadell for alcoholism, mood disorder, bipolar disorder, depression, and general medical illness. The evidence established that on or about November 17, 2006, Anadell stopped working at OPD. He completed documents to qualify him for short-

---

[1] For the purposes of this decision, "Anadell" shall refer to plaintiff's decedent, James Anadell. On October 18, 2011, the court issued a decision dismissing both plaintiff's negligence claim and claims she asserted as an individual.

term disability leave as a result of health problems including memory loss that was due to alcohol abuse. Anadell remained on disability until his employment terminated on April 2, 2007.

{¶ 4} Vince Connor, OPD's Human Resources Director during the time at issue, testified that he completed the employer's section of the forms which were required to allow employees to convert their state-paid group life insurance to an individual policy and that he mailed the documents to Anadell's residence. (Plaintiff's Exhibits 5 and 6.) However, Anadell's OPD employment file obtained during discovery did not contain copies of those forms.

{¶ 5} Plaintiff alleges that defendant had a contractual duty to inform Anadell that he had the option to "port" his state-paid life insurance coverage to another insurance company within 31 days of the date on which his employment with OPD was terminated. According to plaintiff, defendant breached its employment contract with Anadell by failing to provide him with information and forms necessary for him to obtain continuing life insurance coverage upon his retirement.

**STATUTE OF LIMITATIONS**

{¶ 6} Defendant asserts that plaintiff's claim of breach of contract is barred by the applicable statute of limitations.

{¶ 7} R.C. 2743.16(A) states, in relevant part: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 8} Plaintiff asserts that during Anadell's employment with OPD, she was the sole beneficiary of his state-paid life insurance policy. Plaintiff is seeking damages in an amount equal to the life insurance benefit that she alleges she would have been entitled to had Anadell elected to purchase continuing life insurance coverage.

{¶ 9} Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, ¶ 22. "A cause of action for breach of contract accrues when the breach occurs or when the complaining party suffers actual damages." *Id.* at ¶ 27; *Williams v. Bureau of Workers' Comp.*, 10th Dist. No. 09AP-1076, 2010-Ohio-3210, ¶ 24.

{¶ 10} Assuming that defendant had a duty to timely inform Anadell of his option to continue his life insurance coverage by converting his state-paid plan to an individually-paid plan, any such duty would have been owed to Anadell; however, defendant would not have owed such a duty to any potential beneficiary of his estate. *See Brinkman v. Doughty*, 140 Ohio App. 3d 494, 498 (2000) (finding that a potential beneficiary of an estate had no vested interest in the estate); *Simon v. Zipperstein*, 32 Ohio St.3d 74, 76-77 (1987). Moreover, any breach of that duty by defendant would have occurred when Anadell was no longer eligible to obtain an employer-subsidized insurance policy. Consequently, to the extent that plaintiff can maintain any cause of action for breach of contract regarding the conversion of Anadell's state-paid life insurance, such a claim would have accrued no later than 31 days after his termination from OPD.

{¶ 11} Inasmuch as Anadell's employment was terminated on April 2, 2007, he had until May 3, 2007, to elect to continue his life insurance coverage and any cause of action for breach of contract must have accrued no later than May 3, 2007. Plaintiff's complaint was filed on May 7, 2010. Therefore, the court finds that plaintiff's complaint was untimely filed unless the statute of limitations was tolled as a result of Anadell's disability.

**TOLLING**

{¶ 12} Plaintiff contends that Anadell's mental condition should toll the statute of limitations until the time of his death. The Tenth District Court of Appeals has held that "[t]he two-year statute of limitations in R.C. 2743.16(A) is subject to tolling pursuant to R.C. 2305.16. R.C. 2743.16(C)(1). R.C. 2305.16 provides that 'if a person entitled to bring any action * * * is, at the time the cause of action accrues, * * * of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed.' R.C. 2305.16. A person's 'disability is removed,' for purposes of R.C. 2305.16, when the person is restored to competency. If competency is not restored during the person's lifetime, the estate may initiate the action upon the person's death. (Internal citations omitted.) *Anadell v. Office of the Ohio Public Defender*, 10th Dist. No. 10AP-842 (May 12, 2011).

{¶ 13} Although there is no doubt that Anadell suffered disability, "[a] general claim of disability, absent specific details, will not toll the time for the running of the statute of limitations." *Kotyk v. Rebovich*, 87 Ohio App. 3d 116, 120 (1993). Evidence of alcoholism and drug abuse alone is insufficient to establish an unsound mind for purposes of the tolling statute. *McKay v. Cutlip*, 80 Ohio App. 3d 487, 492 (1992); *Casey v. Casey*, 109 Ohio App. 3d 830, 835 (1996).

{¶ 14} Plaintiff testified that Anadell would have recognized the insurance forms if he had received them in the mail and that he would have known what to do with them. Anadell's former supervisor, John Bay testified that he met with Anadell several months after Anadell was approved for disability retirement and that, at that time, Bay believed that Anadell might have been capable of returning to work. Furthermore, Dr. Ware testified that Anadell's symptoms changed, depending on whether he had been abusing alcohol. The court finds plaintiff has failed to submit sufficient evidence to establish that Anadell was of unsound mind during the time at issue. Based upon the testimony, the court finds that Anadell's condition did not render him of unsound mind for purposes of the tolling statute.

{¶ 15} Even assuming that plaintiff's action was timely filed, plaintiff must prove that OPD breached its employment contract with Anadell. "To establish breach of contract, plaintiff must demonstrate: (1) the existence of a contract, whether express or implied; (2) plaintiff's performance; (3) defendant's breach; and (4) plaintiff's damage or loss." *Nexus Communs., Inc. v. Qwest Communs. Corp.*, 193 Ohio App. 3d 599, 608, 2011-Ohio-1759 (10th Dist.). "An implied-in-fact contract arises from the conduct of the parties or circumstances surrounding the transaction that make it clear that the parties have entered into a contractual relationship despite the absence of any formal agreement. In contracts implied in fact the meeting of the minds, manifested in express contracts by offer and acceptance, is shown by the surrounding circumstances which make it inferable that the contract exists as a matter of tacit understanding." (Internal citations omitted.) *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App. 3d 540, 548, 2010-Ohio-6396 (10th Dist.).

{¶ 16} Plaintiff asserts that OPD failed to provide Anadell with the forms that were necessary to convert his state-paid life insurance to an individual policy. However, Vince Connor provided credible testimony that he did mail signed forms for converting and porting Anadell's life insurance coverage. Furthermore, although plaintiff asserts that OPD failed to make Anadell aware of the deadline for submitting documents to obtain an individual life insurance policy and that, during his disability leave, there was nothing Anadell could have done to port or convert his life insurance, the evidence showed that such information was made available to Anadell. In 2004, Anadell was provided with a life insurance benefits manual that was distributed to all state employees. (Defendant's Exhibit J.) He was also provided updates through newsletters to state employees and other documents that were published annually by the Department of Administrative Services (DAS). (Defendant's Exhibit K.) The information and insurance forms were also available on-line on the DAS website. The court concludes that Anadell was provided with the forms and information that were

necessary to convert or port his life insurance to an individual policy. Accordingly, plaintiff failed to prove that defendant committed a breach of Anadell's employment contract. For the foregoing reasons, judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELAINE ANADELL, Exec.

    Plaintiff

    v.

OFFICE OF THE OHIO PUBLIC DEFENDER

    Defendant

Case No. 2010-06966

Judge Clark B. Weaver Sr.

JUDGMENT ENTRY

{¶ 17} This case was tried to the court on the issues of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Benjamin W. Wright                   Christopher P. Conomy
Mitchell M. Tallan                   Assistant Attorney General
471 East Broad Street, 19th Floor    150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3872            Columbus, Ohio 43215-3130

004
Filed November 16, 2012
To S.C. Reporter March 22, 2013