[Cite as *State v. Peeples*, 2012-Ohio-1149.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 132 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| REGINA PEEPLES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from the Court of
                           Common Pleas of Mahoning County,
                           Ohio
                           Case No. 09 CR 1309

JUDGMENT:                  Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Paul J. Gains
                           Mahoning County Prosecutor
                           Atty. Ralph M. Rivera
                           Assistant Prosecuting Attorney
                           21 West Boardman Street, 6th Floor
                           Youngstown, Ohio  44503

For Defendant-Appellant:   Atty. Megan Graff
                           Comstock, Springer & Wilson Co.
                           100 Federal Plaza East
                           Suite 926
                           Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                         Dated:  March 16, 2012

WAITE, P.J.

{¶1} Appellant, Regina Peebles, entered a guilty plea immediately prior to trial on charges of endangering children and intimidation. On appeal she argues that the trial court should have found her incompetent, that her plea was not knowingly and voluntarily entered, and that she received ineffective assistance from trial counsel. Appellant's three assignments of error are without merit. The judgment of the trial court is affirmed.

FACTUAL AND PROCEDURAL HISTORY OF THE CASE

{¶2} Appellant was indicted by the Mahoning County Grand Jury on November 24, 2009. The indictment included two counts, the first, a violation of R.C. 2919.22(B)(3), (E)(3), captioned: "**Endangering children**," which provides in pertinent part:

{¶3} "(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

{¶4} * * *

{¶5} "(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child;

{¶6}    * * *

{¶7}    "[(E)](3) If the offender violates division (B)(2), (B)(3)

* * * endangering children is a felony * * * [i]f the violation

results in serious physical harm to the child involved * * *

endangering children is a felony of the second degree.

{¶8}    According to the indictment, the conduct that led to the charge occurred on or about August 24, 2009 and involved the punishment or restraint of N.J., a child less than seven years old.

{¶9}    The second count in the indictment is a violation of R.C. 2921.04(B)(D), captioned:  "**Intimidation of attorney, victim or witness in criminal case**," which provides in part:

{¶10}  (B)  No person, knowingly and by force or by

unlawful threat of harm to any person or property, shall

attempt to influence, intimidate, or hinder the victim of a

crime in the filing or prosecution of criminal charges or an

attorney or witness involved in a criminal action or

proceeding in the discharge of the duties of the attorney or

witness.

{¶11}  * * *

{¶12}  (D)  Whoever violates this section is guilty of

intimidation of an attorney, victim, or witness in a criminal

case. * * * A violation of division (B) of this section is a

felony of the third degree.

{¶13} The second count involves statements made to Philip, Dorian, and Philip Chandler Cox around the dates of October 10, 2009 and November 19, 2009.

{¶14} Appellant was arraigned on December 8, 2009, entered not guilty pleas on both counts, and was determined to be indigent. An attorney was appointed to represent her. A hearing was held on Appellant's request to modify bond at which time trial was continued until February 22, 2010 on Appellant's oral motion. Appellant's subsequent motion for dismissal on speedy trial grounds was denied. On February 17, 2010 appointed counsel filed a motion to withdraw, due to an irretrievable breakdown in communication. A hearing on counsel's motion was held on February 19, 2010, the court denied the motion to withdraw but granted leave for a motion for determination of competency to be filed and continued the jury trial pending the competency determination. Appointed counsel's motion for a competency determination was filed and on February 23, 2010 the court entered an order for forensic examination of Appellant's competence to stand trial. The competency hearing was scheduled for March 25, 2010. On March 15, 2010, Appellant filed a pro se motion seeking to have appointed counsel replaced with new counsel.

{¶15} The competency hearing was held on March 25, 2010. The trial court judge questioned Appellant about her understanding of the charges against her, her rights regarding trial, and her understanding of the functions of the judge, the prosecutor, and the jury relative to trial and court procedure. (Competency Tr., pp. 6-8.) The judge also inquired as to Appellant's medical and psychological history. (Competency Tr., pp. 9-11.) Appellant indicated that in 1995 she was under the care

of a physician for "a traumatic incident" that resulted in "delusional episodes" and hospitalization. At that time she was prescribed Risperdal for depression, "but they took me off of that." (Competency Tr., pp. 9-10.) Appellant further explained that the treatment had concluded and that she was not currently under treatment, but she had been meeting with a counselor to discuss her feelings about the current proceedings. (Competency Tr., p. 10.) The judge confirmed with Appellant that she was no longer having delusions. Appellant stated: "No, I'm not having any delusions. I'm not suffering from a traumatic episode -- I didn't suffer from something traumatic in this case like, you know, that case was." (Competency Tr., pp. 10-11.)

{¶16} The judge questioned Appellant about her agitation and outbursts at the competency hearing and in prior appearances. Appellant, who had repeatedly "fired" defense counsel when the hearing began, responded: "No one will listen * * * I been [sic] repeatedly trying to get across I have not been properly represented in this case. I feel that I've been treated unfair and unjust. * * * [T]he only way I'm getting attention here now is because of the outbursts. If I wouldn't have outbursts like that, no one would even be listening to me right now." (Competency Tr., pp. 8–9.) The judge responded that those were reasons to seek new counsel, not explanations of her behavior and admonished her that the behavior could not continue. The judge gave both the prosecutor and defense counsel the opportunity to question Appellant further, but both declined. The judge found that Appellant was competent. (Competency Tr., p. 11.) No further competence inquiry was ordered. After this ruling, the judge granted appointed counsel's renewed motion to withdraw and admonished Appellant that she would have to be very cooperative when new counsel

contacted her because, due to the absence of a speedy trial waiver, time was of the essence. (Competency Tr., p. 12.) No reference to the evaluation ordered on February 23, 2010 was made during the competency hearing and no such evaluation was entered into evidence.

**{¶17}** New counsel was appointed and trial was reset. On June 2, 2010, prior to trial, Appellant changed her plea to guilty. Appellant signed a Crim.R. 11(F) form and the state recommended less than the maximum sentences on each count. However, the transcript from the plea hearing indicates that although Appellant signed the form, and wished to plead "guilty," defense counsel stated that he did not have an "agreement" with the state because the prosecutor intended to make a sentencing recommendation that the defense felt was excessive. Defense counsel emphasized that Appellant's change of plea was not based on the prosecution's recommendation, but was based on her desire to change her plea and defense counsel's recommendation. (Change of Plea Tr., p. 3.) The judge then questioned Appellant at length as to her understanding of her change of plea, the offenses she was charged with, the possible penalties, the judge's role as factfinder in sentencing, the document she signed, the rights she would forego by pleading without a trial, and confirmed that her plea was freely given. (Change of Plea Tr., pp. 3-10.) Appellant entered her plea on the record and the judge ordered a pre-sentence investigation. (Change of Plea Tr., pp. 10-11.)

**{¶18}** On July 12, 2010, Appellant was sentenced to four years in prison on each count in the indictment, to be served concurrently. Appellant, who appeared with counsel, was given a written notice that she was subject to three years of

mandatory post-release control, which she refused to sign. On July 13, 2010, Appellant's counsel filed a motion to withdraw and requested that substitute counsel again be appointed to investigate the possibility of filing a motion to withdraw the guilty plea, an appeal of the sentence, and a motion for judicial release. Appellant's counsel believed that because Appellant blamed counsel for her incarceration, he would no longer be able to provide effective representation. Counsel's motion to withdraw was granted and new counsel was appointed for a third time. Appellant filed her first notice of appeal, pro se, on August 5, 2010; a second notice of appeal was filed by counsel on August 11, 2010. Both notices were timely; the second motion was accompanied by a docketing statement and identified a final appealable order in compliance with App.R. 3.

Assignment of Error No. One

{¶19} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO FIND MS. PEEPLES INCOMPETENT TO STAND TRIAL.

Assignment of Error No. Two

{¶20} MS. PEEPLES' GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, NOR VOLUNTARILY ENTERED.

{¶21} Appellant contends that the "outbursts" and "lashing out," discussed by the judge and explained by Appellant as frustration with counsel during the competency hearing, were in fact sufficient indicia of incompetence to necessitate a finding of incompetence by the trial court. Appellant further argues in her second assignment of error that due to her incompetency her guilty plea was not made

knowingly and intelligently. As the propriety of the trial court's competency finding is determinative of both assignments, they will be considered together.

A. Competence

**{¶22}** "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). An adult defendant is presumed to be competent to stand trial. R.C. 2317.01 and R.C. 2945.37. In a criminal proceeding the competence of the defendant may be raised by the court, sua sponte, by the prosecutor, or by the defense, both prior to and during trial. R.C. 2945.37(B). The defense bears the burden of production to rebut the presumption of competence. *State v. Williams*, 23 Ohio St.3d 16, 19, 490 N.E.2d 906 (1986). An appellant's "failure to cooperate with counsel does not indicate that appellant was incapable of assisting in his defense." *Berry*, *supra*, at 361. Similarly, "lack of cooperation with counsel does not constitute sufficient indicia of incompetence to raise doubt about a defendant's competence to stand trial," even when combined with a defendant's continual erratic behavior which also "does not undermine the trial court's findings of his competence to stand trial." *State v. Vrabel*, 99 Ohio St.3d 184, 189, 2003-Ohio-3193, 790 N.E.2d 303, ¶29-30. A defendant may be "emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

**{¶23}** If the issue of competence is raised prior to trial, the court is required to hold a hearing; prior to the hearing the court may refer the defendant for an

evaluation, but is not required to do so. *Id.* At the competency hearing the defendant must be represented by counsel. R.C. 2945.37(D). Both the state and the defense are permitted, but not required, to submit evidence. *Id.* at (E). Neither the fact that a defendant is receiving or has received treatment for mental illness nor the fact that defendant has received or is receiving psychotropic drugs or other medication is sufficient to support an incompetence finding. R.C. 2945.37(F). A defendant may be found incompetent only if the court finds, by a preponderance of the evidence, that "because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense." R.C. 2945.37(G). A trial court's competence finding will not be reversed absent an abuse of discretion. *Vrabel*, *supra*, at ¶33.

{¶24} In the matter at bar the trial court, on motion by defense counsel, ordered an evaluation and held a competency hearing. At the hearing, although no reference was made to a report, the court questioned Appellant extensively as to her understanding of the charges against her, the legal process, the role of the court, the jury, and the prosecutor, as well as her behavior before the court prior to and during the competency hearing. Appellant was responsive to the court, repeatedly indicated that she understood, and was able to coherently explain her behavior as well as her past treatment for depression following some earlier "traumatic event." (Competency Tr., pp. 9-10.) Further, Appellant referred to her own pro se filing, on which the court had not yet ruled, demonstrating a clear understanding of the mechanics of court procedure. (Competency Tr., pp. 4-5.) Appellant offered nothing into evidence

during the hearing, prior to the hearing, or after the hearing indicating her alleged incompetence. Under the circumstances, where the record is "devoid of any objective indications" that Appellant's competence should be questioned, and reliable, credible evidence supports a finding of competence, the trial court's competency determination is well within the confines of discretion. *State v. Chapin*, 67 Ohio St.2d 437, 441-442, 424 N.E.2d 317 (1981). Appellant's first assignment of error is without merit and is overruled; the trial court's finding of competence is affirmed.

### B. Validity of Appellant's guilty plea

{¶25} Appellant's second assignment of error argues that because Appellant is incompetent, her plea was not knowingly or intelligently entered and therefore invalid. Because the record reflects Appellant's competence, the only issue apparent with regard to the validity of Appellant's change of plea is whether the court complied with the requirements of Crim.R. 11 when accepting her plea. *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991), ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim. R. 11 have been followed.")

{¶26} Section (C)(2) of Crim.R. 11 requires the court, prior to accepting a guilty plea, to determine that the defendant is "making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved," and make the defendant aware of his or her eligibility for "probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The trial court must further, prior to acceptance, inform the "defendant of

* * * the effect of the plea of guilty" and ascertain that the defendant understands that effect as well as the fact that the "court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must inform the defendant of, and determine that the defendant understands, that "by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

**{¶27}** The record reflects that the court punctiliously adhered to Rule 11. (Change of Plea Tr., pp. 3-10.) Appellant testified that she went through the plea document, which includes all of the information required by Crim.R. 11, with her attorney, that her attorney read it for her in its entirety, and that she also read it herself. (Change of Plea Tr., pp. 9-10.) The record shows that the trial court, once it found Appellant competent, fully satisfied the requirements of Crim.R. 11 before accepting Appellant's change of plea. Appellant's second assignment of error is without merit and is overruled.

## Assignment of Error No. Three

**{¶28}** MS. PEEPLES RECEIVED INEFFECTIVE

ASSISTANCE OF TRIAL COUNSEL.

**{¶29}** Appellant acknowledges that the entry of a guilty plea ordinarily constitutes waiver of the right to claim ineffective assistance of counsel. Despite this, she argues that counsel's substandard assistance rendered her plea "less than knowing and voluntary." (Appellant's Brf., p. 10.) Appellant claims that the fact that no independent evaluation of competence was requested by trial counsel and counsel presented no evidence of incompetence at the competency hearing, these failings somehow directly affected her decision to change her plea. Appellant's argument misstates the nature of the requirement that the guilty plea be knowingly and intelligently entered.

**{¶30}** As earlier discussed, unless the conduct of counsel prevented Appellant from understanding any of the elements identified in Crim.R. 11, counsel's decisions as to the quantity and the nature of evidence up to that point in the proceeding are irrelevant to Appellant's plea. *Kelley, supra,* at 130-131. The effect of the plea, absent evidence that the plea was in some way coerced, is to waive all errors that may have taken place prior to the entry of the plea. Appellant fails to establish any causal relationship between the absence of evidence of incompetence and her decision to change her plea. The record reflects full compliance with Crim.R. 11 and includes Appellant's statements that her plea was voluntary, that no one coerced her to change her plea, and that she had not received anything in exchange for making her plea. (Change of Plea Tr., p. 8.) Because Appellant has failed to

establish a connection between the alleged defects in assistance and the validity of her plea, she waived her right to argue counsel's alleged ineffectiveness at the time she entered her plea. It is unnecessary for us to undertake our usual review of ineffective assistance claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Appellant's third assignment of error is without merit. The judgment of the trial court is affirmed.

CONCLUSION

**{¶31}** The trial court did not err in finding Appellant competent and Appellant's guilty plea was knowingly and intelligently entered, in full compliance with Crim.R. 11. Appellant's guilty plea waived any argument as to the effectiveness of counsel prior to the entry of her plea. Appellant's three assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.